Leslie B. CULBERTSON, Appellee,

v.

METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY,
Tennessee, By and Through the METRO-
POLITAN CIVIL SERVICE COMMIS-
SION, et al., Appellants.

Supreme Court of Tennessee.

Aug. 16, 1971.

Joe M. Ragland, Metro Legal Dept.,
Nashville, for appellants.

O. B. Hofstetter, Jr., Nashville, for ap-
pellee.

## OPINION

JENKINS, Special Justice.

This cause is before us on appeal of defendant, Metropolitan Government of Nashville and Davidson County by and through the Metropolitan Civil Service Commission, from a final decree of the Chancery Court, Part II, of Davidson County, remanding the cause to the Metropolitan Civil Service Commission for a hearing of complainant's case. The action of the Civil Service Commission in refusing to review complainant's dismissal by the Metropolitan Employee Benefit Board was brought before the Chancery Court by complainant on petition for common law writ of certiorari under the provisions of T.C.A. Section 27–914.

■ The cause being heard by the Chancellor on common law writ or certiorari, consideration of questions of fact was precluded, Hoover Motor Express Co., Inc. v. Railroad & Public Utilities Comm., 195 Tenn. 593, 261 S.W.2d 233 (1953), and jurisdiction on appeal is in this Court under T.C.A. Section 16–408.

Complainant was employed by Davidson County on June 1, 1922. He began paying into its pension fund on May 1, 1943, and continued until his employment was terminated. By virtue of appropriate acts, he was a member of the classified services.

On March 10, 1969, the Metropolitan Employee Benefit Board considered and approved an application for pension benefits for complainant, however, said application was neither signed nor submitted by complainant.

On July 18, 1969, complainant submitted a written request for appeal to the Civil Service Commission on the basis his employment had been terminated without cause. There is no proof in the record complainant's services were unsatisfactory.

The Civil Service Commission at its meeting on December 9, 1969, held they lacked authority to review the action of the Employee Benefit Board.

Complainant filed a petition for common law writ of certiorari against the Civil Service Commission and the Employee Benefit Board on January 12, 1970. By decree of March 9, 1970, the Chancellor sustained a plea in abatement as to the Board as said petition was not filed within sixty days of complainant's dismissal as required by T.C.A. Section 27–902.

By final decree entered February 26, 1971, the Chancellor remanded the cause to the Commission with direction to review complainant's case and determine whether the Board had the right to terminate the services of a qualified employee who qualifies for retirement but does not care to do so. Appeal was allowed and perfected to this Court March 5, 1971.

■ There are four assignments of error challenging the decree. First, it is said exclusive jurisdiction over the various pension plans administered by the Metropolitan Government of Nashville and Davidson County is vested by the Charter of Metropolitan Nashville in the Employee Benefit Board, and therefore, it was error to order review of the Board's action in this cause by the Commission. In support of this position, the Commission relies on Article 13 of the Metropolitan Charter wherein it is provided at Section 13.09,

". . . all benefits payable to members, retired members, and their survivors, in accordance with any of the following retirement plans of the former City of Nashville or the former County of Davidson as such plans existed prior to the effective date of this Charter shall continue unimpaired for the same duration provided in such plans as they existed prior to the effective date, and such benefits shall be an obligation and liability of the metropolitan government:

. . . . . .

(c) The retirement plan for officers and employees of the former County of Davidson . . . .

It shall be the duty of the employee benefit board to assume jurisdiction over, to administer, and to interpret the provisions of the retirement plans listed above in this section . . . . . . ."

The Commission contends this Charter section gives the Employee Benefit Board the same jurisdiction as the former Davidson County Pension Commission which by virtue of Article 3 of Chapter 381 of the Private Acts of 1961 had complete and final authority over the pension system of Davidson County prior to the advent of metropolitan government. Such a construction is totally without merit and cannot be maintained in this Court as nowhere in the Charter of Metropolitan Nashville is the Board given authority to administer and interpret finally the retirement plan for employees of the former Davidson County. Moreover, the Charter expressly provides at Section 12.03,

"In addition to other duties herein specified, it shall be the duty of the civil service commission to: . . . . .

(c) Upon request of an affected employee, review suspensions, demotions or separation from service of any employee in classified service, and to render decisions thereon, subject to its rules."

At Section 12.05, this right of appellate review by the Commission is emphatically reiterated.

"No employee in the classified service may be terminated from service except for cause. Any employee dismissed from the classified service or suspended, by his simple written request to the commission, shall have the action reviewed by the commission."

The Court can hardly imagine a clearer or more explicit mandate of authority. Had complainant not exhausted his administrative remedies by appeal to the Commission, his cause could not have been entertained by the Chancellor as our deci-sions repeatedly and consistently hold this necessary before the courts can be resorted to, State ex rel. Jones v. City of Nashville, et al., 198 Tenn. 280, 279 S.W.2d 267 (1955).

The second assignment of error is substantially the same as the first as it contends remand to the Commission was improper because review of the Board is in the courts. As already observed, the Charter belies this position, and complainant was required to appeal to the Commission before applying to the courts. The case of State v. Sandefur, 215 Tenn. 690, 389 S.W.2d 266 (1965), cited for the proposition decisions of the Board are final and appeal therefrom is to the courts, is no authority for this position as the decision repeatedly notes no appeal was applied for with the Commission.

■ The third assignment of error, being that complainant's case was completely considered by the Commission and remand for a second review was error, is overruled as the record shows the merits of the case were never examined by the Commission. The Chancellor found this action was illegal and arbitrary, thus common law writ of certiorari was a proper remedy. Roberts v. Brown, 43 Tenn.App. 567, 310 S.W.2d 197 (1957).

■ Lastly, it is said Sections 12.03 and 12.05 of the Metropolitan Charter hereinabove set out give the Commission appellate jurisdiction over disciplinary dismissals only. This construction finds no support in the Charter or in any authority cited by defendant. This Court has no right to give the Charter a meaning not deducible from the unambiguous language used.

Accordingly, all assignments of error are overruled and the decree appealed from affirmed.

DYER, C. J., and CRESON, HUMPHREYS and McCANLESS, JJ., concur.