Clarence WILSON

v.

**TOWN OF GREENEVILLE and Greeneville Civil Service Board.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 11, 1973.

Certiorari Denied by Supreme Court May 6, 1974.

N. R. Coleman, Jr., Greeneville, for appellant.

O. C. Armitage, Jr., Greeneville, for appellee.

## OPINION

SANDERS, Judge.

Both sides have appealed from a decree of the Chancery Court of Greene County sustaining the action of the Civil Service Board in upholding the suspension and dismissal of the Complainant from the police department in the Town of Greeneville.

The Complainant was suspended and discharged from the police force in the Town of Greeneville after 18 years of service because he erected a restaurant on his property and applied for a license to sell beer.

Upon being notified of his discharge from the police force, the Complainant requested and was granted a hearing before the Civil Service Board of the Town of Greeneville. After an extended hearing

was held, the Civil Service Board, on December 6, 1972, by a vote of two to one, upheld the action of the City to terminate the Complainant.

The Complainant, on December 29, 1972, gave notice of an appeal from the decision of the Civil Service Board to the Chancery Court of Greene County.

On March 15, 1973, the Chancellor dismissed the Complainant's appeal on the grounds that the court was without authority to review the case upon appeal and holding that the only way the case could be brought into the Chancery Court was by a common law writ of certiorari, as provided in T.C.A. § 27–914.

After dismissal of his appeal, the Complainant filed a petition in the Chancery Court of Greene County on March 21, 1973, for a common law writ of certiorari.

The Defendants, Town of Greeneville and the Civil Service Board, filed an answer to the petition of the Complainant for certiorari insisting that the petition was not filed within 60 days after the entry of the order of the Civil Service Board, as provided in T.C.A. § 27–902.

The Chancellor granted the writ of certiorari and, after reviewing the record, filed a memorandum opinion finding that there was material evidence to support the finding of the Civil Service Board and affirmed its action.

A decree was entered in keeping with the findings of the Chancellor and both sides have appealed and assigned error.

For a proper disposition of the case, we must consider first the assignment of error by the Defendants, which is: "The Court erred in ordering a writ of certiorari of Clarence Wilson to issue after the appeal had been dismissed in accordance with the memorandum opinion of the court of March 15, 1973."

The Civil Service rules and regulations for the Town of Greeneville were created by a private act of the legislature in 1953. The act provides that any discharged or suspended employee may request an investigation for a determination concerning his discharge, and it further provides that:

"From an order adverse to the accused the latter may appeal to the Chancery Court of Greene County, Tennessee. Such appeal shall be taken by serving the Board, within ten (10) days after the entry of such order, with a written notice of appeal, stating the grounds thereof and demanding that a certified transcript of the record and of 'all papers on file in the office of the Board affecting, or relating to such order be filed by the Board in such court."

It was in pursuance of this provision of the private act that the Complainant gave notice of his appeal to the Chancery Court of Greene County on December 29, 1972. However, T.C.A. § 27–914 provides as follows:

*"Proceedings Involving Public Employees.*—No court of record of this state shall entertain any proceeding involving the civil service status of a county or municipal employee when such proceeding is in the nature of an appeal from a ruling of a city or county official or board which affects the employment status of a county or city employee, except such proceeding be one of common law certiorari. Any such proceeding shall be heard by a judge or chancellor without the intervention of a jury. This section shall supersede and displace provisions of city charters to the contrary."

T.C.A. § 27–902 provides that the application for certiorari shall be made within 60 days from the entry of the order or judgment.

■ Although T.C.A. § 27–914 was enacted by the legislature in 1949 and the private acts setting up the Civil Service rules and regulations was passed in 1953, the provisions of the private act do not

have the effect of repealing the public act. Since there is a conflict in the private act and T.C.A. § 27–902 and § 27–914 as to how a review of the chancery court can be secured, the provisions of the statute will control.

Complainant argues that, since he had appealed from the decision of the Civil Service Board within 60 days, this was a substantial compliance with §§ 27–902 and 27–914.

■ We cannot agree. By appealing instead of filing a petition for certiorari, he was doing the very thing that the statute prohibits. The statute says, " . . . no court . . . shall entertain . . . any proceeding . . in the nature of an appeal. . . ."

■ Since the order of the Civil Service Board was entered on December 6, 1972, and the petition for certiorari was not filed until March 21, 1973, we think the court was without authority to grant the writ. Carter v. Board of Zoning App. of Nashville, 214 Tenn. 42, 377 S.W.2d 914; Culbertson v. Metropolitan Government, etc., Tenn., 483 S.W.2d 716.

This court dislikes to deny the Complainant a review of his assignments of error but, " . . . we have here a statute which expressly provides a condition precedent, compliance with which is essential in order to confer jurisdiction". Auto Sales Co. v. Johnson, 174 Tenn. 38, 45, 122 S.W.2d 453, 456.

It results that the assignments of error of the Town of Greeneville and the Civil Service Board are sustained.

The assignments of error of Clarence Wilson are overruled and his petition for certiorari is dismissed.

The cost of this appeal is taxed to the Appellant, Clarence Wilson.

COOPER, P. J. (E.S.), and PARROTT, J., concur.