FAIRHAVEN CORPORATION, d/b/a Fairhaven Nursing Home, et al., Plaintiffs-Appellants,

v.

TENNESSEE HEALTH FACILITIES COMMISSION et al., Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

May 7, 1976.

Certiorari Denied by Supreme Court Aug. 16, 1976.

Richard F. LaRoche, Jr., Murfreesboro, for plaintiffs-appellants.

Richard Lodge, Asst. Atty. Gen., Nashville, Tenn., for defendants-appellees.

OPINION

DROWOTA, Judge.

This is an appeal from an order entered by the Davidson County Chancery Court dismissing a petition for certiorari filed by Fairhaven Corporation, d/b/a Fairhaven Nursing Home.

Fairhaven owns and operates a nursing home in Pulaski, Giles County, Tennessee. In order to expand its facilities, Fairhaven had to obtain a certificate of need from the Tennessee Health Facilities Commission, the original defendant and appellee in this action. The Commission initially refused to

give Fairhaven a certificate on November 20, 1974. After a rehearing before the Commission, Fairhaven's request for a certificate of need was again denied by an order dated February 6, 1975. On April 1, 1975—fifty-four days after the order—Fairhaven filed a complaint seeking a writ of certiorari. The defendants successfully moved to dismiss the complaint, arguing that it had not been filed within thirty days as required by T.C.A. § 53–5415. Fairhaven appealed from that dismissal to the Tennessee Supreme Court. By order dated December 2, 1975, the case was transferred to this Court for disposition. The sole issue before this Court is whether Fairhaven's petition was properly dismissed because it was not filed within thirty days.

The problem in this case concerns the interpretation of several statutory provisions. T.C.A. § 53–5415 in pertinent part provides:

> After such hearing, the commission (Tennessee Health Facilities) shall make an order denying or granting the application for certification, or revoking the certification previously granted. The commission shall send a copy of this order to all persons who have filed an appearance by registered or certified mail, which shall contain its findings and conclusions, and such order *shall become final thirty (30) days after the date of mailing unless an appeal is taken therefrom in the manner provided by § 53–5416.* (emphasis added).

T.C.A. § 53–5416 reads as follows:

> Any applicant for certification of need aggrieved by the action of the commission may appeal from such action to the chancery court having jurisdiction over the district or county in which the health care institution in question is located, . . . *by filing a notice and bond in accordance with §§ 27–901 through 27–913.* (emphasis added).

Fairhaven argues that T.C.A. § 53–5416 incorporates the provisions of T.C.A. § 27–902; that T.C.A. § 27–902 governs the time for filing a petition for certiorari; that § 27–902 allows sixty (60) days to file a

petition; and that since Fairhaven filed its petition within sixty (60) days, the Chancellor erred in dismissing the complaint. The Commission responds that § 53–5415, not § 27–902, governs the time in which a petition for certiorari must be filed in the instant situation, and that since the petition was not filed within thirty (30) days, dismissal was proper.

■ In Tennessee, two types of certiorari exist. T.C.A. § 27–801 provides for the so-called common law writ of certiorari, while T.C.A. § 27–802 provides for the so-called statutory writ. The procedural framework for review under *both* the common law and statutory writs appears in Chapter 9 of Title 27. T.C.A. § 27–901 to 914; *Fentress County Beer Board v. Cravens*, 209 Tenn. 679, 356 S.W.2d 260 (1962); *Hoover Motor Exp. Co. v. Railroad & Pub. Util. Comm'n*, 195 Tenn. 593, 261 S.W.2d 233 (1953); Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee*, 4 Memphis St.L.Rev. 19 (1973). The legislature has the authority to place reasonable statutory limitations on the time within which certiorari may issue, 14 Am. Jur.2d *Certiorari* § 5 (1964); T.C.A. § 27–902 provides such a limitation requiring that petitions be filed "within sixty (60) days from the entry of the order or judgment." This time limit applies to common law as well as statutory writs. *Wilson v. Town of Greeneville*, 509 S.W.2d 495 (Tenn. App.1973) (in which the Court held that the Greene County Chancery Court was without authority to grant a common law writ of certiorari that was not filed within sixty (60) days after the entry of a civil service board order).

■ The procedural provisions of Chapter 9, Title 27, however, apply only where other procedures have not been specifically provided. T.C.A. § 27–901. In prescribing the thirty (30) day limit in T.C.A. § 53–5415 (Supp.1975), the legislature intended to further restrict the time within which a petition for certiorari could be issued with respect to orders of the Tennessee Health Facilities Commission. In other words, the legislature was providing a specific proce-

dure governing the time limit for filing a petition with respect to this Commission's orders, and, under T.C.A. § 27–901, this specific procedure applies.

As the Court in *Wilson* noted, we dislike denying the petitioner a review of the Commission's action, but the legislature provided an express condition precedent to review that Fairhaven failed to comply with, and, as a result, the Chancery Court lacked jurisdiction to grant either writ.

It follows that appellant's assignments of error, all of which relate to the question whether the thirty (30) day limit in T.C.A. § 53–5415 governed, must be overruled. The judgment of the lower court is affirmed with costs of this appeal taxed to the appellants.

Affirmed.

SHRIVER, P. J., concurs.

TODD, J., dissents in part.

TODD, Judge, dissenting in part.

The conclusions reached in the principal opinion regarding the untimeliness of the petition for statutory review are correct.

However, the petition alleges grounds for common law certiorari in that it is alleged that the Commission acted illegally in procedure which did not conform to due process. In this aspect, it was timely filed and should not be dismissed without inquiry into such grounds.

The provisions of § 53–5415 are not deemed to limit the time for filing certiorari in respect to such grounds.

The denial of statutory relief should be affirmed, but the cause should be remanded for further proceedings limited to relief available under the common law writ of certiorari.