# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

STANLEY WILSON,                          )
                                         )
    Plaintiff/Appellant,             )    Shelby Chancery No. 102885-2
                                         )
v.                                       )
                                         )    Appeal No. 02A01-9712-CH-00301
JIM DAVENPORT, COMMISSIONER,             )
TENNESSEE DEPARTMENT OF                   )
EMPLOYMENT SECURITY,                      )
AND CARRIER AIR CONDITIONING,            )
                                         )
    Defendants/Appellees.            )

**FILED**

**June 9, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE FLOYD PEETE, JR., CHANCELLOR

For the Plaintiff/Appellant:                For the Defendants/Appellees:

Phillip E. Mischke                           John Knox Walkup
Arthurice T. Brundidge                       Douglas Earl Dimond
Memphis, Tennessee                           Nashville,Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.J.

DAVID R. FARMER, J.

**OPINION**

This is an unemployment benefits case. The claimant's employment was terminated, based on alleged misconduct. His application for employment benefits was denied. After administrative appeals, the chancery court affirmed the denial of benefits. The claimant appeals. We affirm the decision of the chancery court based on the claimant's failure to timely file his petition for a writ of certiorari.

Plaintiff/ Appellant Stanley Wilson ("Wilson") worked as an assembly set up operator for Carrier Air Conditioning ("Carrier") for sixteen years. Wilson was discharged and later reinstated subject to conditions set out in a reinstatement letter dated July 28, 1992. The conditions provided: "If you miss any work due to illness, when you return to work you must have your doctor's statement giving the nature of your illness and the dates you were treated by him."

On Sunday, November 1, 1992, Wilson became ill. The following morning, Monday, November 2, 1992, Wilson notified Carrier that he would be absent from work due to illness. Wilson called several doctors but was unable to obtain an appointment until Thursday, November 5, 1992. From November 2nd through November 4th, Wilson continued to notify Carrier of his illness.

On Thursday, November 5, 1992, Wilson was examined and treated by Dr. Alabaster for prostatitis. Dr. Alabaster provided Wilson with a doctor's statement for November 5th through Monday, November 9th. However, Dr. Alabaster declined to provide Wilson with a medical excuse for November 2nd through November 4th, the dates prior to his appointment. Upon his return to work, Wilson presented the doctor's statement to a Carrier nurse, who instructed him to see the personnel manager. Wilson was suspended and later terminated for failing to provide a doctor's statement for the days prior to his appointment with Dr. Alabaster.

On November 17, 1992, Wilson applied with the Tennessee Department of Employment Security ("TDES") for unemployment benefits. TDES denied Wilson's claim for unemployment benefits. Wilson appealed, arguing that the language in the reinstatement letter required him to provide a doctor's excuse only for the days on which he was treated by medical personnel. After a hearing, the TDES Appeals Tribunal denied Wilson employment benefits. The Appeals Tribunal found that the reinstatement letter required Wilson "to bring employer a doctor's statement for any days he missed due to illness giving the nature of the illness and dates treated by the doctor." The tribunal concluded that Wilson violated the conditions of the letter by failing to provide proof that

he was under a doctor's care from November 2, 1992, through November 4, 1992. Wilson timely appealed this decision to the TDES Board of Review ("the Board"). In a decision mailed April 7, 1993, the Board denied Wilson benefits and informed him that, in order to obtain review by the chancery court, he was required to file a petition for certiorari on or before May 17, 1993.

On May 25, 1993, eight days beyond the deadline, Wilson filed a petition for certiorari in the chancery court for Shelby County, Tennessee. Wilson also filed a "Motion for an Additional Fifteen Days for Petitioner to File Certiorari Petition." The chancellor by fiat issued a writ of certiorari; there was no indication that the trial court considered the issue regarding the late filing of the certiorari petition.

Subsequently, the chancellor remanded the cause to the Board "for clarification concerning the basis of the Appeals Referee's finding as a Conclusion of Law that the petitioner [Wilson] violated the conditions of the letter dated July 28, 1992 by not having sufficient medical proof to show that he was under a doctor's care from November 2, 1992 through November 4, 1992." The Board again affirmed the denial of benefits to Wilson and informed him that he had thirty days after the decision became final, by August 17, 1994, to file a petition for certiorari in the chancery court.

Rather than filing a petition for a writ of certiorari, Wilson instead filed several motions. On November 12, 1996, Wilson filed a "Motion for Final Decree," and on April 25, 1997, Wilson filed a "Motion to Set Aside the Decision of the Tennessee Department of Employment Security" in the chancery court on the grounds that the Board's decision was arbitrary, capricious, and unsupported by the evidence. In response, TDES argued that the chancery court lacked subject matter jurisdiction to hear Wilson's motions because of the untimely filing of his original petition for certiorari. TDES also argued that the Board's decision was reasonable and based on substantial and material evidence. The chancery court affirmed the Board's decision of July 8, 1994 and held that the decision was reasonable and supported by the evidence. Wilson now appeals the denial of employment benefits.

On appeal, Wilson argues that he complied with the condition of employment because the plain language of the July 28, 1992 letter required him to provide a medical excuse only for the days he received treatment. In the alternative, Wilson asserts that, even if the condition of employment was breached, his conduct failed to rise to the level of "misconduct connected with the claimant's work" as set out in Tennessee Code Annotated § 50-7-303(a)(2).

2

In response, TDES contends that the chancery court lacked subject matter jurisdiction because of the untimely filing of Wilson's original certiorari petition in chancery court. In the alternative, TDES argues that Wilson breached the condition of his employment by failing to provide a medical excuse for all days absent due to illness. TDES argues that Wilson's breach of the condition of employment constituted work-related misconduct under Tennessee Code Annotated § 50-7-303(a)(2), rendering Wilson ineligible for unemployment benefits.

We first address whether the chancery court lacked subject matter jurisdiction to review TDES' decision to deny unemployment benefits to Wilson because Wilson did not timely file his original petition for certiorari in chancery court. Tennessee Code Annotated § 50-7-304(i) addresses the filing of a petition of certiorari: "Within thirty (30) days after the decision of the board has become final, any party aggrieved thereby may secure judicial review thereof by filing a petition for certiorari in the chancery court of the county of such party's residence against the commissioner for review of such decision." Tenn. Code Ann. § 50-7-304(i) (Supp. 1998). Tennessee Code Annotated § 50-7-304(h) addresses the finality of the Board's decision:

> Any decision of the board, in the absence of any application by any interested party for rehearing thereof, shall become final ten (10) calendar days after the date of mailing of the written notification of the decision to the last known address of each interested party or within ten (10) calendar days after the date the written notification of the decision is given to each interested party, whichever first occurs.

*Id.* § 50-7-304(h).

We have previously addressed time limitations placed on filing a petition for a writ of certiorari. Time limitations apply to both common law and statutory writs of certiorari. *See* Tenn. Code Ann. § 27-8-101-02 (1980); *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885, 886-87 (Tenn. App. 1976). Tennessee Code Annotated §§ 27-9-101 through 27-9-114 set out the procedural framework for review of both common law and statutory writs of certiorari. *Fairhaven Corp.*, 566 S.W.2d at 886 (citing *Fentress County Beer Bd. v. Cravens*, 209 Tenn. 679, 356 S.W.2d 260 (1962); *Hoover Motor Exp. Co. v. Railroad & Pub. Util. Comm'n*, 195 Tenn. 593, 261 S.W.2d 233 (1953)). Under Tennessee Code Annotated § 27-9-102, a party has sixty days in which to file for a writ of certiorari in chancery court. Tenn. Code Ann. § 27-9-102 (1980). We noted in *Fairhaven Corporation v. Tennessee Health Facilities Commission* that "[t]he legislature has the authority to place reasonable statutory limitations on the time within which certiorari may issue." *Fairhaven*, 566 S.W.2d at 886. In *Fairhaven*, the Court held that a party who failed to file

3

for a writ of certiorari within the prescribed time period failed to comply with "an express condition precedent to review," and, consequently, the chancery court lacked subject matter jurisdiction to hear the appeal. *Id.* at 887. *See also Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn. App. 1994). In *Thandiwe v. Traughber*, a prisoner filed a writ of certiorari some two years after the Board's final decision seeking review of the decision denying the petitioner parole. *Thandiwe*, 909 S.W.2d at 804. This Court held that "[t]he time requirement for filing a petition of certiorari is analogous to the requirements of Tennessee Rule of Appellate Procedure 4. Our courts have held, relying in part on *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282 (1960), that the rule is mandatory and jurisdictional." *Id.* The *Thandiwe* Court held that the petitioner failed to comply with the jurisdictional prerequisites by the untimely filing of the petition for a writ of certiorari; therefore, the chancery court lacked subject matter jurisdiction. *Id.*

Tennessee Code Annotated § 50-7-304(i) establishes a thirty day limit for filing a petition for a writ of certiorari; this limit is applicable in this case. *See* Tenn. Code Ann. § 50-7-304(i) (Supp. 1998). As noted in *Fairhaven,* the legislature provided a limitation on the time within which a party may file a petition for a writ of certiorari. *Fairhaven Corp.*, 566 S.W.2d at 887.

In this case, Wilson had exhausted his administrative remedies. The Board's decision was mailed on April 7, 1993. Under Tennessee Code Annotated § 50-7-304(h), the Board's decision became final on April 17, 1993. Wilson was required to file a petition for certiorari in chancery court on or before May 17, 1993, within thirty days after the Board's decision becoming final. *See* Tenn. Code Ann. § 50-7-304(i) (Supp. 1998). Wilson filed his petition for certiorari on May 25, 1993, eight days beyond the statutory deadline.

The statutory requirement that the petition for a writ of certiorari be filed within thirty days after the Board's decision becomes final is a jurisdictional requirement. Therefore, the chancery court lacked subject matter jurisdiction to grant the petition for certiorari. This holding pretermits the issues raised by Wilson regarding the chancery court's alleged error in affirming the Board's denial of unemployment benefits. The denial of unemployment benefits is affirmed for a different reason than that relied upon by the chancery court.

The decision of the trial court is affirmed. Costs are assessed against the Appellant, for which execution may issue if necessary.

4

_____HOLLY KIRBY LILLARD, J.

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**DAVID R. FARMER, J.**