# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**March 16, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

JAMES WARD,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Petitioner/Appellant,　　　　)
　　　　　　　　　　　　　　　　　)　　Appeal No.
　　　　　　　　　　　　　　　　　)　　M1999-02478-COA-R3-CV
VS.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Davidson Chancery
　　　　　　　　　　　　　　　　　)　　No. 98-1559-III
TENNESSEE BOARD OF　　　　　　)
PAROLES,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　Respondent/Appellee.　　　　)

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, JUDGE

JAMES WARD
Northeast Correctional Complex
P. O. Box 5000
Mountain City, Tennessee 37683
　　　Pro Se Petitioner/Appellant

PAUL G. SUMMERS
Attorney General and Reporter

KIMBERLY J. DEAN
Deputy Attorney General
425 Fifth Avenue North
Nashville, Tennessee 37243
　　　Attorney for Respondent/Appellee

AFFIRMED AND REMANDED

　　　　　　　　　　　　　　　　BEN H. CANTRELL,
　　　　　　　　　　　　　　　　PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# **O P I N I O N**

A prisoner claimed that the Board of Paroles had acted unconstitutionally, illegally and capriciously by denying him parole, and deciding not to grant him any future parole hearings until the expiration of his sentence. The trial court dismissed his petition. We affirm the trial court.

## **I.**

James Ward was convicted of second degree murder in 1991, and was sentenced to thirty years imprisonment. On October 22, 1997, he received a parole hearing. Although the record does not contain the usual statement of parole board action, Mr. Ward claims that not only was he turned down for parole, but that the Board of Paroles decided to deny him any further parole hearings for the full term of his sentence.

Mr. Ward appealed to the full Board. In a letter dated February 10, 1998, the Board turned down his appeal. Among other things, the Board stated that it had reviewed its files and the tape recording of the hearing, and that contrary to the prisoner's allegations, it found no significant procedural errors by the hearing officer. The final sentence of the letter reads "[t]his disposition is final and there is no further appeal recourse available to you on this matter through the Tennessee Board of Paroles."

Despite this statement, Mr. Ward attempted to file a "Petition for a Declaratory Order" with the Board on February 26, 1998. The Board did not respond to the petition. On May 21, 1998, the prisoner filed a document in the Chancery Court of Davidson County, captioned as a "PETITION FOR JUDICIAL REVIEW and/or PETITION FOR A DECLARATORY JUDGMENT and/or PETITION FOR COMMON LAW WRIT OF CERTIORARI". The State filed a motion to dismiss the petition for failure to file it within the jurisdictional time limit. Mr. Ward filed a response in opposition to the motion. On February 5, 1999, the trial court granted the motion to dismiss. This appeal followed.

## II.

Mr. Ward incorporated by reference his petition for a declaratory order with his petition in the trial court. In these documents, he claimed first that he was improperly sentenced because the maximum penalty for second degree murder for Range 1 offenders is twenty-five years, not thirty years. He also claimed that the Board acted illegally and unconstitutionally by declining to grant him any future parole hearings. Finally, he argued that the Board failed to give any reasons for its decision.

The trial court correctly noted that the Board of Paroles is not the proper agency for challenging the length of a sentence, and that in any case declaratory orders are not applicable to the Board. Tenn. Code. Ann. § 4-5-106(c). If the complaint is that the trial court imposed a sentence that was not authorized by law, then the proper route of appeal is to the Court of Criminal

Appeals. If the allegation is of a sentencing miscalculation, then a petition for declaratory order should be addressed to the Department of Correction. Tenn. Code. Ann. § 4-5-223. If the Department refuses to grant the order, then appeal may be had by filing a petition for declaratory judgment in the chancery court. Tenn. Code. Ann. § 4-5-224.

Since declaratory judgment was inapplicable, the trial court treated Mr. Ward's petition for judicial relief as a request for a common law writ of certiorari. Such a petition must be filed within sixty days from the order or judgment appealed from, or the trial court loses all jurisdiction over the matter. See *Fairhaven Corporation v. Tenn. Health Facilities Commission*, 566 S.W.2d 885 (Tenn. Ct. App. 1976); *Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn. Ct. App. 1994).

The Board denied Mr. Ward's appeal on February 10, 1998. He did not file his petition until May 21, 1998, well past the sixty day deadline. Thus, the court lacked the jurisdiction to grant the writ. Mr. Ward attempts to circumvent the sixty day requirement by arguing that he is not appealing the Board's action of February 10, 1998, but its failure to respond to his "Petition for Declaratory Order." This argument is without merit, since the February letter clearly stated that its decision was final, and that no further appeal to the Board was available to the prisoner.

**III.**

The order of the trial court is affirmed.  Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion.  Tax the costs on appeal to the appellant, James Ward.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE