IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 2000 Session

# EDWARD JOHNSON v. CHARLES TRAUGHBER, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 98-3324 II     Carol L. McCoy, Chancellor**

---

**No. M1999-02472-COA-R3-CV - Filed August 22, 2000**

---

Appellant, Edward Johnson, is an inmate in the Tennessee Department of Corrections, and in this case, he has filed a Petition for Common Law Certiorari to review a denial of parole by the Board of Paroles. The Chancery Court of Davidson County sustained a motion to dismiss his petition, and we affirm the judgment of the Chancellor.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Edward Johnson, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General, and Stephanie R. Reevers, Assistant Attorney General, for the appellees, Charles Traughber, et al.

## OPINION

Petitioner Edward Johnson was convicted of robbery and sentenced on April 30, 1991 to thirteen years in the Tennessee Department of Corrections ("T.D.O.C."). On August 21, 1995, Petitioner was paroled and placed under supervision of the State of Illinois. While on parole in Illinois, he was arrested, tried and found guilty of receiving and possessing a stolen vehicle for which he was sentenced to three years in the Illinois Department of Corrections. A Tennessee violation of parole warrant was issued for Petitioner on March 26, 1996. On July 16, 1996, he was advised that when he had completed his sentence in Illinois, he would be returned to Tennessee to face parole violation charges. He was taken into custody of the T.D.O.C. on July 7, 1997, and at a parole revocation hearing held on August 7, 1997, his parole was revoked. Also on that date, he was scheduled for a parole review in July 1998. He did not appeal the August 7, 1997 parole revocation.

On August 25, 1998, a parole grant hearing was held relative to Petitioner, and on September 4, 1998, he was notified that the board had denied his application for parole. The two reasons given by the board for denial of parole were 1) there is a substantial risk that offender will not conform to

conditions of parole and, 2) release at this time would depreciate the seriousness of offense or promote disrespect for the law.

Petitioner appealed this decision for review in accordance with Tennessee Code Annotated section 40-28-105 (Supp. 1999) and the Administrative Rules and Regulations of the Tennessee Board of Paroles. His appeal was denied on October 30, 1998, and on November 9, 1998, he filed his Petition for Common Law Certiorari in the Chancery Court of Davidson County.

After denying a Motion for Default Judgment filed by Petitioner, the trial court sustained a motion to dismiss the petition for certiorari holding:

Petitioner seeks review under common law writ of certiorari of the Board of Paroles' decision to revoke and/or deny his parole. The Respondents move to dismiss. Petitioner filed a motion for default which will be denied because the Respondents have responded to the petition by filing the motion to dismiss.

The Petitioner alleges he was convicted of robbery in Shelby County in April 1991 and sentenced to 13 years. On August 21, 1995 Petitioner was paroled. Petitioner then alleges he was charged with "absconding" in Illinois. Illinois officials sent to the Tennessee Interstate Compact Administrator a progress report stating that Petitioner was not in compliance with the rules of Illinois parole. (Exhibit A to the Petition). Tennessee issued a parole violation warrant on Petitioner on March 26, 1996 (Exhibit B to the Petition). In July 1996, Petitioner alleges he pled guilty in Illinois to unlawful possession of a stolen vehicle. Petitioner further alleges he was extradited to Tennessee to face parole violation charges on absconding.

On August 7, 1997 Tennessee Board of Paroles revoked Petitioner's parole based on Petitioner being convicted of receiving, possessing and selling a stolen vehicle in Illinois (Exhibit I to the Petition). On August 25, 1998 Petitioner received a parole grant hearing. The Board of Paroles denied parole to Petitioner. The two reasons given for the decision to deny parole were a substantial risk Petitioner would not conform to the conditions of parole and release at this time would depreciate the seriousness of the offense (Exhibit A2 to the Petition).

The majority of Petitioner's complaint challenges Petitioner's parole revocation in August 1997. A petition for writ of certiorari must be filed with[in] sixty days from the entry of the order of judgment complained of. T.C.A. §27-9-102. To the extent Petitioner seeks review of the August 1997 parole revocation, the petition is filed beyond the statutory time limit and the Court lacks jurisdiction to hear it.

In regard to his August 1998 parole hearing, the Petitioner alleges the Board of Paroles abused its discretion and authority and acted arbitrarily and capriciously

when it denied parole based on seriousness of offense. He further alleges the Board relied on false information in denying his parole.

The scope of review under the common law writ of certiorari is very narrow. The Court must determine whether the Board exceeded its jurisdiction or acted illegally, fraudulently or arbitrarily. It is not the correctness of the decision that is subject to review, but the manner in which the decision is reached. *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871, 873 (Tenn. App. 1994). The Board's decision would be arbitrary and capricious if there was no material evidence to support its decision. There is material evidence to support the Board's decision to deny parole based on seriousness of offense and high risk to not conform to parole conditions. Petitioner alleges he pled guilty to charges in Illinois which violated his parole conditions in Tennessee. Petitioner obviously did not conform to the conditions of his initial parole, so the Board's decision to deny parole based on high risk of not conforming is not arbitrary and capricious. Furthermore, it is permissible for the Board to consider seriousness of offense in determining whether to grant parole. *Arnold v. Tennessee Board of Paroles*, 956 S.W.2d 478, 482 (Tenn. 1997). Petitioner's allegations regarding the Board's reliance on false information are conclusory and fail to state a claim.

The Respondents' motion to dismiss is granted and the petition is dismissed. Costs are taxed to the Petitioner.

It is so ORDERED.

On appeal, Petitioner asserts fifteen issues, practically all of which attack his conviction in the State of Illinois for receiving and possessing a stolen vehicle and attacking his parole revocation of August 7, 1997. His difficulty is that neither the chancery court nor this court has jurisdiction of matters concerning his parole revocation of August 7, 1997. He did not seek certiorari from this parole revocation. Tennessee Code Annotated section 27-9-102 provides that a petition for writ of certiorari must be filed within sixty days of the entry of the order or judgment from which relief is sought. This time limit applies to both the common law and statutory writs of certiorari. *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885 (Tenn. Ct. App. 1976). This time limit is mandatory and jurisdictional. *Jefferson v. Pneumo Serv. Corp.*, 699 S.W.2d 181 (Tenn. Ct. App. 1985); *Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn. Ct. App. 1994).

What deprives Petitioner of liberty is the fact that his parole was revoked on August 7, 1997 because he had been convicted of a felony in the State of Illinois in 1996. He is now attempting to "piggyback" into the proceeding at bar by raising matters which should have been raised in a common law certiorari petition, filed within sixty days of the August 7, 1997 parole revocation. The jurisdictional sixty-day time limit for filing such petition expired, and as the chancellor correctly held, the chancery court was without jurisdiction to address such questions.

All that is properly in issue before this court is whether or not Petitioner has presented facts demonstrating that the parole board acted illegally, fraudulently, or exceeded its jurisdiction in denying him parole at the August 25, 1998 parole grant hearing. The scope of review on common law certiorari is very limited, and the reviewing court cannot inquire into the intrinsic correctness of the decision of the Board. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). The legislature has authorized the Board of Paroles to deny parole if release would depreciate the seriousness of the offense. Tenn. Code Ann. § 40-35-503(b)(2)(1997). Such is a constitutionally valid basis for denial of parole. *Arnold v. Board of Paroles*, 956 S.W.2d 478, 482-83 (Tenn. 1997). There was material evidence to support the action of the Board in denying parole. The record shows that he had already failed once to comply with parole and that revocation thereof had been necessary. Petitioner is not entitled to a common law writ of certiorari. *See Powell*, 879 S.W.2d.

Finally, Petitioner claims that he was entitled to appointed counsel to assist him in seeking relief in this case. He has no such entitlement. *Davis v. State*, 912 S.W.2d 689, 695-96 (Tenn. 1995); *House v. State*, 911 S.W.2d 705 (Tenn. 1995).

The action of the chancellor is in all respects affirmed, and costs are assessed against Petitioner, Edward Johnson.

_____
WILLIAM B. CAIN, JUDGE