IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 12, 2004

# WILLIAM W. YORK v. TENNESSEE BOARD OF PROBATION AND PAROLE

Appeal from the Chancery Court for Davidson County
No. 01-3349-I    Irvin Kilcrease, Chancellor

No. M2003-00822-COA-R3-CV - Filed April 23, 2004

OPINION ON PETITION FOR HEARING

The State of Tennessee has filed a Petition to Rehear in this case asserting that the February 17, 2004 decision of this Court is in conflict with *Davis v. Maples*, No. M2002-02564-COA-R3-CV, 2003 WL 22002660 (Tenn.Ct.App. Aug. 25, 2003).

Any conflict between this case and *Davis* is occasioned by the procedural actions taken by the state. This Court has repeatedly admonished the state of the perils inherent in employing a T.R.C.P. rule 12.02(6) motion as a response to a petition for writ of certiorari. *See Mark B. Gore v. Tennessee Department of Corrections, et al.*, No. M2002-02640-COA-R3-CV (Tenn.Ct.App. 2003) (*perm. app. denied* Mar. 22, 2004) _____ S.W.3d _____. In this case as in *Baldwin v. Tennessee Board of Pardons and Paroles*, 2003 WL 21954199 (Tenn.Ct.App. Aug. 15, 2003) (*perm. app. denied* Dec. 22, 2003) _____S.W.3d _____, the state chose to meet the petition for certiorari with a T.R.C.P. rule 12.02(6) motion to dismiss.

In its Petition to Rehear, the state, having prevailed in the trial court on its T.R.C.P. rule 12.02(6) motion, recites the rule in *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885 (Tenn.Ct.App. 1976), reviewing the proper procedure to be followed upon the grant of the writ. If, in fact, the state in this case had followed such a procedure, the record made before the parole board would have been filed in the trial court and review of that record might have disclosed reasons for a deferral of a parole hearing which on its face appears to be completely arbitrary. The state asserts in its Petition to Rehear "it is certainly possible that factual circumstances exist meriting a lengthy parole hearing deferral. These circumstances might include recent and serious threats to victims or witnesses of the original crime, or a horrendous prison disciplinary record including serious physical attacks on other inmates and staff. An inmate's record might be such that it would not be arbitrary for the board, after considering the evidence before it, to conclude that it is unreasonable to expect that parole would be granted at a hearing for at least ten years."

The state further argues that even if this Court chooses to overrule *Davis* and hold as a matter of law "that deferral of a parole hearing for ten years is per se arbitrary, still the only relief afforded in this case should be to direct the trial court to grant the petition for the writ of certiorari to review the administrative record. It is possible that a review of administrative record will reveal other legitimate reasons why the board's decision should not be disturbed. For example, a review of the record may reveal that the trial court lacked subject matter jurisdiction because the petition was not timely filed, or that the petitioner's next hearing was not, in fact, deferred for ten years. Relief on the merits cannot be afforded solely on the basis of the allegations of the petition." The Petition to Rehear then footnotes *Willis v. Tennessee Dep't of Corrections*, 113 S.W.2d 706, 710 (Tenn. 2003) to the effect that "a court should grant a motion to dismiss only when it appears that the petitioner can prove no set of facts in support of the claim that would entitle the petitioner to relief."

This is indeed an about face for a party whose successful use of a T.R.C.P. rule 12.02(6) motion has effectively prevented the certification of the parole board record to the trial court for review.

The February17, 2004 opinion of this Court does not overrule *Davis*. The Memorandum Opinion filed by this Court in *Davis* pursuant to T.R.C.P. 10 was a case in which the state filed not a T.R.C.P. rule 12.02(6) motion to dismiss but a motion for summary judgment, together with affidavits and a statement of undisputed facts to which petitioner did not respond. The state asserted that petitioner had not sought administrative appeal before filing the petition for writ of certiorari. This Court held "Consequently, we affirm dismissal of that portion of the petition alleging that the denial of parole was arrived at in an arbitrary and capricious manner on the ground another remedy was available, but specifically find that the dismissal is without prejudice to Mr. Davis' right to appeal the denial of parole under the board's procedures." 2003 WL 22002660 *6 (Tenn.Ct.App. Aug. 25, 2003).

The court then addressed the issue of whether or not postponing the next parole hearing for a period of eleven years was arbitrary and capricious taking into consideration the then ten-day-old opinion of this Court in *Baldwin*.

Said the court:

> Because this allegation was not addressed by the Board or the trial court, we have no basis upon which to review the claim or its dismissal as part of the dismissal of the entire petition. In view of our recent decision in *Baldwin v. Tenn. Bd. of Paroles*, No. M2002-01428-COA-R3-CV, 2003 WL 21954199 (Tenn.Ct.App. Aug. 15, 2003), we cannot conclude on the record before us that the action complained of was not arbitrary and capricious.

Conclusion

> We affirm dismissal of Mr. Davis's claim that the Board's denial of parole was arbitrary and capricious without prejudice to his seeking appeal of the denial of his parole request through the administrative procedures established by the Board.

We reverse the dismissal of his claim that the Board's action in deferring his next parole hearing eleven years was arbitrary and capricious.

2003 WL 22002660 *6 (Tenn.Ct.App. Aug. 25, 2003).

Since both *Baldwin* and *Davis* postdated the filing of appeal in this case (April 4, 2003), neither the state nor the petitioner had the benefit of those decisions before determining how to plead in the trial court. The state should be given the opportunity to produce and file the record made before the parole board in order that the trial court may determine whether or not that record reflects the kind of possible factual data asserted by the state in its Petition to Rehear. If the state chooses to follow the procedure outlined in *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885 (Tenn.Ct.App. 1976), it may apply to the trial court to issue the writ of certiorari to the parole board.

To this limited extent the Petition to Rehear is granted and the cause is remanded to the trial court for further proceedings consistent with this opinion.

_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE


_____
FRANK G. CLEMENT, JR., JUDGE