IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS SEPTEMBER 20, 2007

HARRY McLEMORE, JR. v. CHARLES TRAUGHBER, TENNESSEE
BOARD OF PROBATION AND PAROLES

Direct Appeal from the Chancery Court for Davidson County
No. 06-224-II     Carol McCoy, Chancellor

No. M2007-00503-COA-R3-CV - Filed November 28, 2007

An inmate filed a petition for a common law writ of certiorari, alleging that the Board of Paroles
acted arbitrarily and illegally in denying parole.  The chancery court dismissed the petition for lack
of subject matter jurisdiction and failure to state a claim upon which relief could be granted.  The
inmate appealed.  We affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P. J., W.S., delivered the opinion of the court, in which  and DAVID R. FARMER,
J., and HOLLY M. KIRBY, J., joined.

Harry McLemore, Henning, TN, Appellant, *pro se*

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark
A. Hudson, Senior Counsel, Nashville, TN, for Appellee

# OPINION

## I. FACTS & PROCEDURAL HISTORY

Harry McLemore, Jr. is imprisoned at the West Tennessee State Penitentiary in Henning, Tennessee. In May of 1965, McLemore was indicted on one count of rape. He was subsequently convicted of the same and sentenced as a habitual offender to life imprisonment.[1] McLemore apparently was released on parole in 1974, but in 1976, he pled guilty to three counts of rape, burglary, and four counts of crimes against nature, and he was sentenced to twenty years imprisonment. According to McLemore's present petition, he completed the twenty-year sentence in 1987 and resumed serving his life sentence that was imposed in 1965. McLemore has since attended at least nineteen parole hearings at which parole has been denied. McLemore was most recently before the Tennessee Board of Probation and Parole ("Board") on July 21, 2005. The record contains a notification from the Board officially notifying McLemore that parole was denied for the following reasons: "High Risk" and "Seriousness Of Offense."

On November 21, 2005, McLemore filed a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court, Western Division of Tennessee, alleging that the Board had "continually violated his due process" rights by failing to provide a detailed explanation for denying him parole for the past ten years. *See McLemoore v. Mills*, No. 05-2882-B/V, 2006 WL 89514, at *1 (W.D.Tenn. Jan 12, 2006).[2] A habeas petitioner must first exhaust available state remedies before requesting relief under 28 U.S.C. § 2254. *See id.* at *2. The district court stated that it was not clear from the record whether McLemore had sought appellate review from the Board, but he had not properly exhausted his claims in state court. *Id.* at *4. The court further found that McLemore "no longer [had] any means of exhausting his claims in state court" because he had not filed a petition for a common law writ of certiorari within sixty days from the entry of the Board's order denying parole. *Id.* Therefore, the district court dismissed McLemore's petition for failure to exhaust his claims in state court. *Id.*

On January 27, 2006, McLemore filed a petition for a common law writ of certiorari in the chancery court of Davidson County, alleging that the Board's decision to deny parole was arbitrary and unconstitutional as violating his due process and equal protection rights, the "contract clause,"

---

[1] *See McLemoore v. Mills*, No. 05-2882-B/V, 2006 WL 89514 (W.D.Tenn. Jan 12, 2006) (denying habeas corpus relief); *McLemore v. Mills*, No. W2005-01112-CCA-R3-CO, 2005 WL 2453924 (Tenn. Crim. App. Oct. 4, 2005) (denying habeas corpus relief); *McLemore v. Hesson*, No. 02C01-9711-CC-00436, 1998 WL 208042 (Tenn. Crim. App. Apr. 29, 1998) *perm. app. denied* (Tenn. Sept. 14, 1998) (denying habeas corpus relief); *McLemore v. State*, No. 02C01-9305-CC-00100, 1994 WL 68362 (Tenn. Crim. App. Mar. 9, 1994) *perm. app. denied* (Tenn. Aug. 1, 1994) (denying habeas corpus relief).

[2] The case is styled *Harry McLemoore, Jr. a/k/a Harry McLemore, Jr. v. David Mills*.

and the "ex post facto clause" of the United States Constitution.[3] McLemore also sought a declaratory judgment declaring "the actions of the lower tribunal" to be illegal and unconstitutional.

McLemore's petition recounts the July 21, 2005 hearing and decision denying parole, then states, "The Petitioner sought a timely appeal, to the Board of Paroles, which was subsequently denied, as finding no procedural error." There is no other indication in the record that an appeal was taken from the Board's decision. Later in the petition, McLemore claims that he "exhausted the required remedies . . . [b]y way of filing with the Board of Paroles, a Petition for Declaratory Judgment/Order." He claims that he filed a "Petition for Declaratory Judgment" with the Board on or around December 17, 2005, and that he did not receive a response.

On March 28, 2006, the attorney general filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. The motion stated that "parole denial cannot be reviewed under the Uniform Administrative Procedures Act and the petitioner is not entitled to be paroled . . . ." Also, the motion referred to a memorandum of law that was to be submitted in support of the motion. However, there is no such memorandum in the record.

On September 13, 2006, the trial court entered an order dismissing McLemore's petition "for the reasons set forth in the motion and memorandum in support thereof . . . ." McLemore filed a timely notice of appeal on September 20, 2006.

## II. ISSUES PRESENTED

McLemore presents the following issues for review:

1. Whether the trial court erred and applied the wrong analysis in dismissing the appellant's petition for writ of certiorari.
2. Whether the Board acted arbitrarily, capriciously, or illegally and denied the appellant due process and equal protection of the laws, and/or violated his liberty interest by continuing to rely upon the nature/seriousness of the crime to deny him release on parole for the past thirty years.

For the following reasons, we affirm the decision of the chancery court.

## III. STANDARD OF REVIEW

Release on parole is a privilege, not a right. Tenn. Code Ann. § 40-35-503(b) (2006). "The grant of parole is a discretionary matter, vested exclusively in the Board of Paroles." ***Baldwin v.***

---

[3] We note that in McLemore's affidavit of inability to pay costs, filed along with his petition pursuant to Tennessee Code Annotated section 41-21-805, he stated that he had never filed a previous lawsuit or claim. A court may dismiss a complaint without prejudice for failure to comply with section 41-21-805. *See **Williams v. Bell***, 37 S.W.3d 477, 478 (Tenn. Ct. App. 2000) *perm. app. denied* (Tenn. Jan. 8, 2001).

-3-

***Tennessee Bd. of Paroles***, 125 S.W.3d 429, 433 (Tenn. Ct. App. 2003) (citing *Doyle v. Hampton*, 207 Tenn. 399, 340 S.W.2d 891 (1960)). The Board's decision is not reviewable by the courts if done in accordance with the law. ***Id.*** (citing Tenn. Code Ann. § 40-28-115(c); *Flowers v. Traughber*, 910 S.W.2d 468 (Tenn. Crim. App. 1995)). The question of whether the Board's decision is lawful is subject to limited review, however, under the common law writ of certiorari. ***Id.*** Under the common law writ of certiorari, the decision of the Board may be reviewed to determine whether the Board has exceeded its jurisdiction, or has acted illegally, fraudulently, or arbitrarily. ***Turner v. Tennessee Bd. of Paroles***, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999) (citing *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871 (Tenn. Ct. App. 1994)). However, "[t]he intrinsic correctness of the Board's decision is not reviewable under the writ." ***Id.*** (citing *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478 (Tenn. 1997)). In other words, "it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached." ***Powell v. Parole Eligibility Review Bd.***, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). If the Board has reached its decision in a constitutional or lawful manner, then the decision is not subject to judicial review. ***Id.***

"The legislature has the authority to place reasonable statutory limitations on the time within which certiorari may issue." ***Thandiwe v. Traughber***, 909 S.W.2d 802, 803 (Tenn. Ct. App. 1994) (citing *Fairhaven Corp. v. Tennessee Health Facilities Comm'n*, 566 S.W.2d 885 (Tenn. Ct. App. 1976)). Tennessee Code Annotated section 27-9-102 provides that a party aggrieved by an order or judgment of the Board may have the judgment reviewed by the courts, and

> Such party shall, *within sixty (60) days from the entry of the order or judgment*, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

(emphasis added). Therefore, a petition for certiorari must be filed within sixty days from the entry of the order or judgment of the Board decision complained of, in order to seek review. ***Thandiwe***, 909 S.W.2d at 803-804. This filing requirement is a mandatory jurisdictional prerequisite, and the failure to file within the statutory time limit results in the Board's decision becoming final. ***Id.*** Once the Board's decision has become final, the chancery court is deprived of jurisdiction. ***Id.*** The party filing the petition then loses his or her right to seek judicial review because the petition is time-barred. ***Hickman v. Tennessee Bd. of Paroles***, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001).

## IV. DISCUSSION

In the case before us, McLemore challenges the Board's July 21, 2005 decision to deny him parole. He filed the petition for writ of certiorari on January 27, 2006. Based upon the record as it

has been presented to us, it appears that McLemore's petition was not timely filed. He vaguely asserts in his petition that he "sought a timely appeal to the Board of Paroles, which was subsequently denied, as finding no procedural error." A prisoner may request an appellate review by the Board within twenty-one days from the date the Board's final disposition is made available to the inmate. Tenn. Comp. R. & Regs. 1100-1-1-.07(3)(c). The filing of a timely appeal with the Board of Paroles tolls the statutory sixty-day period, but an untimely appeal has no such effect. *Turner*, 993 S.W.2d at 80. In this case, however, there is nothing in the record to confirm McLemore's vague assertion that he filed a "timely appeal with the Board of Paroles," and nothing to indicate when the Board denied this "timely appeal" or whether McLemore then filed his petition within sixty days. McLemore also claims that he filed a "Petition for Declaratory Judgment/Order" with the Board of Paroles on December 17, 2005, but this "petition" would not have constituted a timely appeal because it was filed well past the twenty-one day deadline for seeking appellate review. McLemore later contended in his petition that a writ of certiorari "is authorized in lieu of appeal."

In any event, we find that McLemore's petition for writ of certiorari was properly dismissed because it failed to state a claim upon which relief could be granted. "The sole purpose of a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss is to test the sufficiency of the complaint, not the strength of the plaintiff's evidence." *Willis v. Tennessee Dep't of Correction*, 113 S.W.3d 706, 710 (Tenn. 2003) (citing *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). When reviewing a dismissal of a complaint under Rule 12.02(6), we must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions *de novo* without giving a presumption of correctness to those conclusions. *Id.*

### A. Procedural Irregularities

McLemore first asserts that only two board members were present at his parole hearing, and that he was entitled to a hearing before four members of the Board pursuant to Tennessee Code Annotated section 40-28-105(d)(4). That section states that a grant of parole for certain offenses requires the concurrence of four members of the Board. However, section 40-28-105(d)(2) specifically authorizes the chair of the Board to designate individual members of the board, or to appoint hearing officers, "who shall be authorized to conduct hearings, take testimony and make proposed findings of fact and recommendations to the board regarding a grant, denial, revocation or rescission of parole." Those findings are to be reviewed by the other board members, who shall adopt, modify, or reject the recommendations. Tenn. Code Ann. § 40-28-105(d)(2) (2006). "The Board's practice of one board member or hearing officer presiding over a parole hearing, then submitting that member's recommendation in writing to each board member individually, is consistent with the legislative intent." *Daugherty v. Tennessee Bd. of Probation and Parole*, No. M2003-02429-COA-R3-CV, 2005 WL 229866, at *2 (Tenn. Ct. App. Jan. 28, 2005) (citing *Arnold v. Board of Paroles*, 956 S.W.2d 478, 482 (Tenn. 1997)). There is no basis for the argument that the full panel shall conduct the hearing. *Id.* McLemore admits in his petition that "all board members declined [him] for parole release." Thus, we find no error in the Board's procedure.

### B.     The Contract Clause

Next, McLemore claims that he should be released on parole "pursuant to the stipulations and conditions as provided and agreed upon in a binding mutual sentencing contract." It is not clear from McLemore's petition what "contract" he relies on, but he states that it provided him with "the possibility of parole" after serving a minimum of thirty percent of thirty years. He contends that the State of Tennessee has allowed the Board to impair the State's obligations under "the mutual plea agreement contract," in violation of Article I, section 10 of the United States Constitution. We were faced with a similar argument in *Sweatt v. Tennessee Bd. of Paroles*, No. M1999-02265-COA-R3-CV, 2000 WL 1514071, at *2 (Tenn. Ct. App. W.S. Oct. 12, 2000), where we explained:

> The Tennessee Supreme Court has held that once plea agreements are approved by the trial court, they become binding and enforceable contracts. *See State v. Howington*, 907 S.W.2d 403, 407 (Tenn. 1995). As a result, we have decided that prisoners who enter into and abide by the terms of a plea agreement should be able to seek judicial redress if the State breaches the contract. *See Totty v. Tennessee Dep't of Correction*, App. No. 01A01-9504-CV-00139, 1995 WL 700205, at *2 (Tenn. Ct. App. Nov. 29, 1995) (No Tenn. R. App. P. 11 application filed). Thus, with proper proof, a prisoner may be entitled to specific enforcement of his plea agreement. Prisoners who assert that they agreed to plead guilty in return for agreements that they would be paroled after serving a specific portion of their sentences must come forward with some competent evidence of these agreements. This evidence is readily available either in the form of a written plea bargain agreement or in the form of a verbatim record of the plea bargain proceeding required to be kept pursuant to Rule 11(g) of the Tennessee Rules of Criminal Procedure. Without this evidence, a prisoner has failed to state a claim upon which relief can be granted. *See Ringling v. Tennessee Board of Paroles*, 1997 WL 718419 (Tenn. Ct. App.) (permission to appeal denied May 26, 1998).

*Sweatt*, 2000 WL 1514071, at *2. McLemore failed to present any evidence of an alleged agreement to be paroled upon serving thirty percent of thirty years, and his claim was properly dismissed.[4]

---

[4] McLemore also refers to Tennesssee Code Annotated section 40-35-501 as support for his "contract" argument. A portion of that statute reads: "Release eligibility for each defendant sentenced as a Range I standard offender shall occur after service of thirty percent (30%) of the actual sentence imposed less sentence credits earned and retained by the defendant." Tenn. Code Ann. § 40-35-501(c) (Supp. 2007). McLemore argues that the statute reflects the legislature's intent that "they would have no problem with [him] being released on parole, after serving the stipulated percentage of the sentence." We explained in *Sweatt* that this statute sets the earliest date an inmate convicted of a felony is *eligible* for parole, and the ultimate decision to release the prisoner on parole "rests exclusively within the discretion of the Parole Board." 2000 WL 1514071, at *3 (citing *Doyle v. Hampton*, 340 S .W.2d 891, 893 (Tenn. 1960)). McLemore admits in his petition that he has been considered for parole on numerous occasions. It is clear from

(continued...)

## C.    The Ex Post Facto Clause

McLemore next argues that the "criteria and guidelines" implemented by the Board to determine whether a prisoner should be granted parole were not in existence when he committed his crime, and therefore any use of those criteria violates the ex post facto clause of the United States Constitution.  He admits, though, that "the seriousness of the offense, high risk, past criminal record, [and] aggravating circumstances" were all criteria to be considered in the past in determining whether parole should be granted.  McLemore simply alleges that "if the newer standards in a Parole Act were more rigorous than the standards in previous Parole Act, then to apply them to the present prisoner/petitioner would be a violation of the ex post facto clause."

This argument has been addressed and rejected in ***Williams v. Tennessee Bd. of Probation and Parole***, No. M2006-02336-COA-R3-CV, 2007 WL 3132935, at \*3 (Tenn. Ct. App. Oct. 26, 2007) and in ***Dyer v. Tennessee Bd. of Paroles***, No. M1999-00787-COA-R3-CV, 2001 WL 401596, at \*2 (Tenn. Ct. App. Apr. 23, 2001) *perm. app. denied* (Tenn. Sept. 17, 2001).  Although Tennessee Code Annotated section 40-35-503 and Tenn. Comp. R. & Regs. 1100-1-1-.06 list some criteria to be considered before granting or denying parole, such as the seriousness of the offense, "the current statutes have only changed the procedural framework within which the Board exercises its discretion to determine whether eligible candidates will be paroled."  ***Dyer***, 2001 WL 401596, at \*2.  The statute "does not affect [the] parole eligibility date or denial of parole, but instead enumerates one reason which the parole board may elect, in its discretion, to deny parole."  ***Id.***  Therefore, McLemore's assertion that a consideration of these criteria violates the ex post facto clause is without merit.

## E.    Due Process

McLemore asserted that "the State's action and the Board Of Paroles activity violates the due process clause."  "Because no prisoner has a constitutional or inherent right to be conditionally released before the expiration of a valid sentence, a prisoner has no constitutionally-protected liberty interest in parole."  ***Phifer v. Tennessee Bd. of Parole***, No. M2000-01509-COA-R3-CV, 2002 WL 31443204, at \*1 (Tenn. Ct. App. Nov. 1, 2002) (citing *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-8, 99 S.Ct. 2100, 2104 (1979); Tenn. Code Ann. § 40-35-503(b); *Wright v. Trammel*, 810 F.2d 589, 591 (6th Cir. 1987); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995)).  Without such an interest, due process protections do not attach.  ***Id.  See also Powers v. Tennessee Bd. of Probation and Paroles***, No. M2005-01529-COA-R3-CV, 2007 WL 1515141, at \*6 (Tenn. Ct. App. W.S.  May 23, 2007).  McLemore had no right to parole before the expiration of his sentence, and he failed to state a claim of denial of due process.

## E.    Equal Protection

---

[4] (...continued)
the statutes that "[r]elease on parole is a privilege, not a right."  Tenn. Code Ann. § 40-35-503(b) (2006).

McLemore asserted that his equal protection rights were violated because his contract with the State was impaired, and other parties are able to enforce their contracts. His petition does not allege that he is a member of a constitutionally protected class, or that he is being treated differently as a result of his membership in such a class. These are necessary elements to establish a claim for violation of equal protection rights. *See Powers*, 2007 WL 151141, at *6 (citing *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997)). Therefore, McLemore failed to state a claim for an equal protection violation.

## F.    Declaratory Judgment

McLemore sought a declaratory judgment "declaring the actions of the Board of Paroles, to be illegal and unlawful, pursuant to the constitutional laws of the United States." The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by parole eligibility review boards and other similar administrative tribunals. ***Willis v. Tennessee Dep't of Correction***, 113 S.W.3d 706, 712 (Tenn. 2003). "The only procedure for a prisoner to obtain judicial review of an action or decision of the Board is by a petition for common-law writ of certiorari." ***Hickman v. Tennessee Bd. of Paroles***, 78 S.W.3d 285, 290, n.4 (Tenn. Ct. App. 2001) (citing *Partee v. State*, No. 02C01-9311-CC-00267, 1995 WL 381649, at *1 (Tenn. Crim. App. June 28, 1995) (No Tenn. R. App. P. 11 application filed)). In ***Watson v. Tennessee Dept. of Correction***, 970 S.W.2d 494, 496 (Tenn. Ct. App. 1998) *perm. app. denied* (Tenn. May 26, 1998), a prisoner similarly filed a petition for a declaratory order naming the Tennessee Board of Paroles as a respondent. The trial court dismissed the petition, and the court of appeals affirmed, holding that the prisoner was not authorized to bring a declaratory judgment action against the Board under either the Declaratory Judgment Act or the Uniform Administrative Procedures Act. *Id.* at 496-97. Therefore, to the extent that McLemore sought declaratory relief, his petition was properly dismissed.

## G.    The Board's Decision

The bulk of McLemore's petition claims that the Board improperly placed too much weight on the "seriousness of the offense" in denying parole. However, the correctness of the Board's decision is not reviewable under the writ. ***Arnold v. Tennessee Bd. of Paroles***, 956 S.W.2d 478, 480 (Tenn. 1997). The applicable statutes expressly require the Board to consider the seriousness of the offense and the inmate's risk to re-offend. *Id.* at 482. Consideration of these factors is appropriate to the parole decision and "does not demonstrate that the Board acted illegally, fraudulently, arbitrarily, or in excess of its jurisdiction." *Id.* at 482-83. Furthermore, considering factors such as the seriousness of the offense "does not implicate any constitutional right under the circumstances." *Id.*

## V. CONCLUSION

From our careful review of the record, it appears that McLemore's petition for a common law writ of certiorari was untimely. However, we have considered his petition and find that it fails to state a claim for relief. The Board did not act arbitrarily or illegally in reaching its decision, and we are not permitted to inquire into the intrinsic correctness of the decision. *See **Turner***, 993 S.W.2d at 80. For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to the appellant, Harry McLemore, Jr., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.