## ROGERS *v.* WHEATON.

### (*Jackson.* April 26, 1890.)

1. FORCIBLE ENTRY AND DETAINER. *What petition for certiorari and supersedeas must state.*

   Petition for writs of *certiorari* and *supersedeas* to remove a forcible entry and detainer case to the Circuit Court, if presented within thirty days after rendition of the Justice's judgment, must state merits, but · if presented later it must state both merits and a sufficient excuse for the delay beyond thirty days in making the application.

   Act construed: Acts 1869–70, Ch. 64 (Code, § 4093 (M. & V.).

2. LEASE OF LAND. *By married woman void, when.*

   Written lease of a married woman's land for the term of fifteen years, signed by herself and husband, but wanting her privy examination, is void.

   Case cited and approved: Perry *v.* Calhoun, 8 Hum., 551.

·3. SAME. *By parol for fifteen years void, but treated as tenancy from year to year.*

   Parol lease of land for fifteen years is void, but where tenant has taken possession under it he becomes a tenant from year to year, and will not be ousted without notice.

   Code construed: §§ 1758, 2030 (T. & S.); §§ 2423, 2837 (M. & V.).

   Case cited and approved: Shepard *v.* Cummings, 1 Cold., 354.

4. REGISTRATION. *Effect of.*

   In Courts of Law evidence will not be heard to show that a vendee, claiming under a duly registered junior deed, took his title with

notice of an older unregistered deed. Priority of registration gives the superior right at law.

Case cited and approved : Bledsoe *v.* Rogers, 3 Sneed, 466.

But Courts of Equity may give relief in such case under ¿ 2074 (T. & S.) Code.

---

FROM SHELBY.

---

'Appeal from Circuit Court of Shelby County. L. H. ESTES, J.

T. W. & R. G. BROWN for Rogers.

A. H. DOUGLASS for Wheaton.

LURTON, J. This is an action of unlawful detainer. This suit was begun before a Magistrate, who rendered judgment for the plaintiff. More than thirty days after judgment the defendants obtained writs of *certiorari* and *supersedeas* to remove the case to the Circuit Court. This petition showed merits, but gave no reason for failing to appeal. A motion to dismiss the petition was overruled by the Circuit Judge. The case was then heard upon the merits, and judgment rendered for the defendants, and from this judgment the plaintiff has appealed and assigned errors.

By the Act of 1869–70, Ch. 64, carried into the compilation of Milliken & Vertrees at §§ 4092

and 4093, it is provided that proceedings in actions of unlawful entry or detainer may, by writs of *certiorari* and *supersedeas*, be removed to the Circuit Court, upon petition showing merits " within thirty days after rendition of judgment."

The petition in such case need not show any reason for failing to appeal. It need only show merits. *Elliott* v. *Lawless*, 6 Heis., 123.

But to entitle the petitioner to this relief upon the merits alone, the petition must be filed within thirty days, as required by the statute. If more than thirty days have elapsed before application for writs of *certiorari* and *supersedeas*, the petitioner must show a good and sufficient reason for his delay, such as would entitle him to relief under the general rules applicable to the removal of causes to the Circuit Court upon such writs. Section 3362 of the Code, which permitted such causes to be taken to the Circuit Court by *certiorari* at any time before the writ of possession is executed, was repealed by the Act of 1869–70, and the time within which the cause may be removed by *certiorari* fixed at thirty days. The petition should, upon motion, have been dismissed.

But upon the merits the judgment should have been for the plaintiff. This property was part of a larger parcel originally owned by A. B. Jewell and Mrs. S. C. Holt, the former owning an estate for life and the latter the remainder interest. By permission of the owner of the life estate Mrs. Holt occupied the lot in controversy as tenant at

will, paying no rent. While thus in possession she sublet, with the parol consent of the life tenant, this lot to the defendants for a term of fifteen years. A writing to this effect was signed by Mrs. Holt and her husband, and delivered to defendants. This lease was never signed by the life tenant, and the privy examination of Mrs. Holt was never taken, and the lease never registered.

In this situation the plaintiff bought the entire property, including the leased portion. He took deed in fee from both Jewell and Holt and wife, with covenants of seizin and warranty. This deed was duly executed and at once registered. An action of unlawful detainer was then instituted to dispossess defendants. There was judgment for defendants. This judgment, as appears by memorandum opinion upon the record, was affirmed by this Court upon the ground that defendants were tenants from year to year at will, and could not be dispossessed after another year's renting had begun, no notice having been given before expiration of the year of an intention to terminate the tenancy. Afterwards notice was given, and a new action brought at expiration of the current year, with the results above stated.

A lease for more than one year is by the statute of frauds required to be in writing. Code, § 1758. If for more than three years it is such an instrument as is required to be registered. Code, § 2030. The lease of a married woman, re-

quired to be in writing or registered, is invalid, and does not estop her, unless her acknowledgment be taken after privy examination in the manner prescribed for the execution of deeds and "other instruments" by the statute. Her privy examination is part of the execution of the instrument. It is the privy examination and not her signature which gives validity to her deed. *Perry* v. *Calhoun*, 8 Hum., 551.

By § 2074 of the Code effect is given to the instrument first registered over one of earlier date, unless it be proven in a *Court of Equity* that the party claiming under the subsequent deed had notice of the previous instrument. Under this provision a Court of Law can look only to the priority of registration, and proof of notice of the unregistered instrument was irrelevant and incompetent. *Bledsoe* v. *Rogers*, 3 Sneed, 466.

The parol consent of Jewell, the tenant for life, to a letting for a term of fifteen years was, under the statute of frauds, ineffectual and invalid, and had no other effect than to ratify the tenancy of defendants as tenants at will from year to year. The non-execution of the lease by Mrs. Holt in manner required by statute, makes the lease, as a lease for more than one year, void as to her. The non-registration of the lease made it ineffectual as to Rogers in a Court of Law—his deed having been first registered—even if valid as to the lessors. The result is that Wheaton and wife were tenants at will from year to year; the written

lease being a nullity, they were lessees by parol for fifteen years, which constitutes them tenants at will from year to year. *Shepard* v. *Cummings,* 1 Cold., 354.

The judgment of the Circuit Court will be reversed and petition dismissed with costs.