PRITCHARD *v.* DIXIE GREYHOUND LINES, INC.

(*Nashville,* December Term, 1945.)

Opinion filed March 2, 1946.

E. W. HALE, JR., of Memphis, for plaintiff in error.

SHEPHERD, HEISKELL & WILLIAMS, of Memphis, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a direct appeal from the circuit court of Shelby County and is an unlawful detainer suit in which the defendant in error, Dixie Greyhound Lines, Inc., was successful. The defendant in error owns the property in question. This suit involves the right to possession of certain property located in Memphis and occupied by the plaintiff in error, C. M. Pritchard, who held over in possession at the end of a written lease, the terms of which specifically provided that it was to terminate on December 31, 1944. The plaintiff in error Pritchard was not the lessee but worked for the lessee, Berl Wood. The lease had no provision for renewal, and Wood was notified by letter on October 25, 1944, that the lease would not be renewed. This letter was received by Wood and answered, and in answering the notice he made no reference to any right to renew the lease.

The record discloses that the lessee, Berl Wood entered into a written lease for this property, which is located in the terminal of the defendant in error, Dixie Greyhound Lines, Inc., and used by him for a barber shop, on December 31, 1941, for a period of one year expiring December 31, 1942. On November 18, 1942, this lease was renewed by written agreement for one year from January 1, 1943, to December 31, 1943. On October 20, 1943, a further renewal was agreed upon. This agreement was also in writing and for a period of one year ending December 31, 1944, but for a higher rental.

Prior to the execution of the last renewal, Wood entered the armed forces, which was in January, 1943, and he was in the armed forces at the time of the execution of the last written agreement between the parties. He obtained a furlough and came to Memphis in October, 1943, at which time this renewal was executed.

It seems that prior to the termination of this lease between the defendant in error, Dixie Greyhound Lines, Inc., and Wood, it had entered into another written lease with a different party, agreeing to deliver possession of the premises on January 1, 1945.

When this suit was filed Mrs. Wood, wife of the lessee, filed an injunction bill in the chancery court to prevent the general sessions court from proceeding with the case and praying that the injunction be made permanent. The defendant in error demurred to the bill. Mrs. Wood alleged in her injunction bill that her husband had informed her of an oral lease agreed upon by Wood and the defendant in error, Dixie Greyhound Lines, Inc., which lease covered the use of the premises for the year 1945, and was agreed upon in October, 1943, at the time that the last renewal for 1944 was executed. Mrs. Wood also relied upon the relief extended by the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A. Appendix, Section 501 et seq.

This demurrer was sustained, the chancellor finding that the Soldiers' and Sailors' Civil Relief Act did not apply since Wood was in the armed services at the time he executed the written agreement; that the allegations made did not support the finding of an oral agreement; and that if, in fact, an oral agreement was made, it was too indefinite to support an action for specific performance.

Mrs. Wood then intervened in the case in the general sessions court, and again by her pleas alleged an oral agreement for the year 1945 arrived at at the time of the execution of the last renewal in 1943, and again invoked the aid of the Soldiers' and Sailors' Civil Relief Act. After hearing the case, the general sessions court gave judgment in favor of the defendant in error.

The plaintiff in error Pritchard and Mrs. Wood filed their petition for writs of *certiorari* and *supersedeas,* which was granted, and thereupon defendant in error made its motion to dismiss the petition upon the grounds that the allegations were too vague and indefinite and consisted merely of petitioners' statement that they had been informed of the matters alleged therein, and that no support in fact appeared to sustain these allegations, and that no statement of fact in the petition appeared as having been made of the knowledge of the petitioners. This motion was sustained and judgment given in favor of the defendant in error. This appeal resulted.

The Soldiers' and Sailors' Civil Relief Act relied upon by plaintiff in error has no application in this case since the lessee was in the armed services at the time of the execution of the last written lease. 50 U. S. C. A. Appendix, Section 517.

It also appears that the petition for writs of *certiorari* and *supersedeas* is too vague and indefinite to be allowed to stand. In such a case as this the petition must show merit. Williams' Code, sec. 9266; *Elliott v. Lawless,* 53 Tenn. 123; *Rogers v. Wheaton,* 88 Tenn. 665, 13 S. W. 689.

It might be observed here that the plaintiff in error Pritchard claims that there was a verbal renewal of the lease in October, 1943, for the year 1945, at the time the lease was renewed in writing for the year 1944.

We have examined the record and conclude that Mrs. Wood had no rights to the premises in question except by virtue of the renewal of the written lease covering the year 1944, and that the circuit judge properly sustained the motion to dismiss the petition for writs of *certiorari* and *supersedeas* upon the grounds above noted.

It results that the judgment of the circuit court sustaining the demurrer is affirmed and the case remanded to that court for the fixing of damages.