IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 15, 2017 Session

## OUTLOUD! INC. v. DIALYSIS CLINIC, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 16C930  Joseph P. Binkley, Jr., Judge**

_____

### No. M2016-01528-COA-R3-CV

_____

Appellant appeals the circuit court's dismissal of its petition for writs of certiorari and supersedeas for a de novo review of an unlawful detainer action originally filed in general sessions court. The circuit court granted Appellees' Tennessee Rule of Civil Procedure 12.02 motion, dismissing Appellant's petition on the ground that it was not timely filed pursuant to Tennessee Code Annotated Section 29-18-129 and Appellant did not have a sufficient excuse for filing the petition outside the 30 day statutory time period. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

L. Vincent Williams, Nashville, Tennessee, for the appellant, Outloud! Inc..

Peter C. Sales and Frankie N. Spero, Nashville, Tennessee, for the appellees, Dialysis Clinic, Inc., and Ted Jensen.

### OPINION

### I. Background

Dialysis Clinic, Inc. ("DCI") is the owner of 1703, 1705, 1707, and 1709 Church Street, Nashville (the "Church Street Properties"). In 2004, before DCI purchased the Church Street Properties, its predecessor in interest, Ralph Gordon, conveyed leasehold interests in the Church Street Properties to Ted Jensen (together with DCI, "Appellees")

and Outloud!, Inc. ("Outloud!," or "Appellant") pursuant to two leases. The first lease, which was executed on February 1, 2004, was between Mr. Gordon, Mr. Jensen, and Outloud! (the "1707/1709 Lease"). The second lease, which was executed on July 1, 2004, was between Mr. Gordon, Mr. Jensen, individually, and d/b/a Outloud! (the "1703/1705 Lease"). Kevin Medley is the sole shareholder of Outloud!. Mr. Jensen served as the Secretary and Registered Agent for Outloud! After the 1707/1709 Lease and the 1703/1705 Lease were executed, Mr. Jensen sublet the Church Street Properties to Mr. Medley pursuant to two sublease agreements.

In July of 2012, DCI purchased the Church Street Properties from Mr. Gordon. In conjunction with the purchase, Mr. Gordon assigned the 1703/1705 Lease and the 1707/1709 Lease to DCI. These leases provided for termination in the event the lessees failed to pay rent. Subsequent to DCI's purchase of the Church Street Properties, Mr. Jensen and Outloud! failed to make rent payments to DCI. On June 21, 2013, DCI sent notice of termination of the leases to Mr. Jensen and Outloud!

On June 21, 2013, DCI filed unlawful detainer actions (one for each of the Church Street Properties) against Mr. Jensen and Outloud! On August 2, 2013, the general sessions court entered judgments against Mr. Jensen and Outloud! The general sessions court awarded judgment for unpaid rent, damages, attorney's fees, and costs; DCI was also awarded possession of the Church Street Properties. On April 1, 2016, approximately two years and eight months after the judgments were entered in general sessions court, Outloud! filed a petition for writ of certiorari, seeking review of the general sessions' judgments, arguing that Outloud! was not properly served in accordance with Tennessee Code Annotated Section 29-18-115. In response to Outloud!'s petition, DCI filed a Tennessee Rule of Civil Procedure 12.02 motion to dismiss on the ground that the petition for writ of certiorari was time-barred. On May 12, 2016, the trial court heard the motion to dismiss and held that the petition for statutory writ of certiorari was time-barred under Tennessee Code Annotated Section 29-18-129. However, the court allowed the parties additional time to brief whether Section 29-18-129 applies to a petition for common law writ of certiorari. The second hearing took place on June 3, 2016. By order of June 22, 2016, the trial court granted DCI's motion to dismiss in full and dismissed both the common law and statutory writs of certiorari. Outloud! appeals.

## II. Issues

Appellant raises two issues for review as stated in its brief:

1.     Whether the statute of limitations under Tenn. Code Ann. § 29-18-129 may act to bar Outloud!'s petition for review by statutory writ of certiorari when the Petition asserts that the original judgments are void due to the general sessions court's lack of jurisdiction, and DCI's motion to dismiss does not challenge any of the allegations contained in the Petition.

2.	Whether the supervisory power of the courts to issue the common law writ of certiorari is subject to limitation by the legislature beyond the proceedings of the boards and commissions created by legislative grant of authority, considering the trial court's reliance on administrative appeals for authority in dismissing Outloud!'s petition for common law certiorari review.

We perceive that there is one dispositive issue, which we state as follows:

Whether the trial court erred in dismissing Appellant's petition for common law and/or statutory writs of certiorari on the ground that the petition was untimely under Tennessee Code Annotated Section 29-18-129.

## III. Standard of Review

The issue in this appeal presents a question of law in that it requires the interpretation and applicability of Tennessee Code Annotated Section 29-18-129. We review issues of statutory construction de novo with no presumption of correctness attaching to the rulings of the court below. *State v. Edmondson*, 231 S.W.3d 925, 927 (Tenn. 2007). The most basic principle of statutory construction is to ascertain and give effect to legislative intent without broadening the statute beyond its intended scope. *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008). When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language and, in that instance, we enforce the language without reference to the broader statutory intent, legislative history, or other sources. *Overstreet v. TRW Commercial Steering Div.*, 256 S.W.3d 626, 630 (Tenn. 2008). Statutes relating to the same subject or having a common purpose should be construed together. *Lawrence County Educ. Ass'n v. Lawrence County Bd. of Educ.*, 244 S.W.3d 302, 309 (Tenn. 2007).

## IV. Analysis

Outloud!'s petition for writ of certiorari sought review under both the common law and statutory writ of certiorari. The distinction between a common law writ of certiorari and a statutory writ of certiorari largely rests on the scope of appellate review available. *State v. Lane*, 254 S.W.3d 349, 354 n.4 (Tenn. 2008). Under the common law writ, the reviewing court may only consider whether a board or tribunal "(1) has exceeded its jurisdiction, or (2) has acted illegally, arbitrarily, or fraudulently." *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990) (quoting *Hoover Motor Exp. Co. v. R.R. and Pub. Utils. Comm'n*, 261 S.W.2d 233, 238 (Tenn. 1953)). However, review under a statutory writ of certiorari is de novo. *Id.*

Tennessee Code Annotated Section 27-8-101 is a general statute addressing the procedure for common law and statutory writs of certiorari. It provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

Tenn. Code Ann. § 27-8-101. However, in unlawful detainer actions, such as the one at bar, the legislature has enacted a specific statute governing writs of certiorari filed in these cases. The unsuccessful defendant in an unlawful detainer action has two options for seeking review in the circuit court. *Johnson v. Hopkins*, 432 S.W.3d 840, 845 & n.5 (Tenn. 2013). He or she can file a notice of appeal within ten days of the general sessions' judgment. Tenn. Code Ann. § 29-18-128. If the 10 days have run, the aggrieved party may, within thirty days, petition the circuit court for writs of certiorari and supersedeas under Tennessee Code Annotated Section 29-18-129, which provides:

> The proceedings in such actions may, within thirty (30) days after the rendition of judgment, be removed to the circuit court by writs of certiorari and supersedeas, which it shall be the duty of the judge to grant, upon petition, if merits are sufficiently set forth, and to require from the applicant a bond, with security sufficient to cover all costs and damages; and, if the defendant below be the applicant, then the bond and security shall be of sufficient amount to cover, besides costs and damages, the value of the rent of the premises during the litigation.

Tenn. Code Ann. § 29-18-129.

On appeal, Outloud! contends that the 30 day time period outlined in Tennessee Code Annotated Section 29-18-129 only applies to its petition for statutory writ of certiorari and not to its petition for common law writ of certiorari. A basic rule of statutory construction provides that "a general statute concerning a subject must defer to a more specific statute concerning the same subject." *Five Star Exp., Inc. v. Davis*, 866 S.W.2d 944, 946 (Tenn.1993). This Court stated the basis for this rule in *Koella v. State ex rel. Moffett*:

> Where there is a general provision applicable to a multitude of subjects, and also a provision which is particular and applicable to one of these subjects, and inconsistent with the general provision, it does not necessarily follow that they are so inconsistent that they both cannot stand. The special provision will be deemed an exception, and the general provision will be construed to operate on all the subjects introduced therein except the

particular one which is the subject of the special provision.

*Koella v. State ex rel. Moffett*, 405 S.W.2d 184, 189 (Tenn.1966) (quoting *State v. Safley*, 172 Tenn. 385, 112 S.W.2d 831 (Tenn.1938)).  In *Fairhaven Corporation v. Tennessee Health Facilities Commission*, this Court held that "[t]he legislature has the authority to place reasonable statutory limitations on the time within which certiorari may issue." *Fairhaven Corporation v. Tennessee Health Facilities Commission*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976), *perm. app. denied* (Tenn. Aug. 16, 1976).  As set out above, Tennessee Code Annotated Section 29-18-129 specifically contemplates "[t]he proceedings in such actions [i.e., forcible entry and detainer, Tenn. Code Ann. § 29-18-102; forcible detainer, Tenn. Code Ann. § 29-18-103; and unlawful detainer, Tenn. Code Ann. § 29-18-104]" and makes no distinction between the type of writ of certiorari sought, i.e., common law versus statutory.  In view of the fact that Tennessee Code Annotated Section 29-18-129 is a specific statute, whereas Tennessee Code Annotated Section 27-8-101 is a general statute, we conclude that Tennessee Code Annotated Section 29-18-129 governs both statutory and common law writs in forcible entry and detainer actions.  Indeed, this Court has held that, when the Legislature imposes such a time limit on the filing of a petition for writ of certiorari, the time limit applies to both the statutory and common law writs.  *See*, e.g., *Fairhaven* 566 S.W.2d at 886 ("This time limit applies to common law as well as statutory writs."); *Wilson v. Town of Greeneville*, 509 S.W.2d 495 (Tenn. Ct. App. 1973), *perm. app. denied* (Tenn. May 6, 1974) (holding that the chancery court had no authority to grant a common law writ of certiorari that was not filed within sixty days after the entry of a civil service board order).

Furthermore, this Court has held that the imposition of time limits on the filing of petitions for writs of certiorari is jurisdictional.  In *Fairhaven*, the Court held that a party who failed to file for a writ of certiorari within the prescribed time period failed to comply with "an express condition precedent to review," and, consequently, the chancery court lacked subject matter jurisdiction to hear the appeal. *Id.* at 887; *see also Thandiwe v. Traughber*, 909 S.W.2d 802 (Tenn. Ct. App. 1994), *perm. app. denied* (Tenn. Oct. 30, 1995).  In *Thandiwe*, a prisoner filed a writ of certiorari some two years after the Board's final decision seeking review of the decision denying the petitioner parole. *Thandiwe*, 909 S.W.2d at 804. This Court held that "[t]he time requirement for filing a petition of certiorari is analogous to the requirements of Tennessee Rule of Appellate Procedure 4. Our courts have held, relying in part on *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), that the rule is mandatory and jurisdictional." *Id*. The *Thandiwe* Court held that the petitioner failed to comply with the jurisdictional prerequisites by the untimely filing of the petition for a writ of certiorari; therefore, the chancery court lacked subject matter jurisdiction. *Id*.; *see also Wilson v. Davenport*, No. 02A01-9712-CH-00301, 1999 WL 373249, *4 (Tenn. Ct. App. June 9, 1999), *perm. app. denied* (Tenn. Feb. 7, 2000) ("The statutory requirement that the petition for a writ of certiorari be filed within thirty days after the Board's decision becomes final is a

jurisdictional requirement. Therefore, the chancery court lacked subject matter jurisdiction to grant the petition for certiorari.").

Having determined that Tennessee Code Annotated Section 29-18-129 applies to both statutory and common law writs of certiorari, we now address the question of whether the trial court erred in dismissing Outloud!'s petition. Here, it is undisputed that Outloud! filed its petition more than two years after the general sessions court entered judgments in the unlawful detainer actions. Having failed to file its petition for writ of certiorari within 30 days of the general sessions court judgment, Appellees argue that Appellant's petition was properly dismissed as untimely.

As set out in context above, Tennessee Code Annotated Section 29-18-129 appears to contemplate a strict 30 day time limit for filing a petition for writ of certiorari in the circuit court, i.e., "The proceedings in such actions may, within thirty (30) days after the rendition of judgment, be removed to the circuit court by writs of certiorari and supersedeas, which it shall be the duty of the judge to grant, upon petition, if merits are sufficiently set forth. . . ." In *CitiFinancial Mortg. Co., Inc. v. Beasley*, this Court explained that "[w]hen an unsuccessful [forcible entry and detainer] defendant . . . files for writs of certiorari and supersedeas within thirty days of the [general sessions court] judgment, he or she need only state sufficient merits in the petition to obtain review in the circuit court." *Citifinancial Mortg. Co., Inc. v.* Beasley, No. W2006-00386-COA-R3-CV, 2007 WL 77289 (Tenn. Ct. App. Jan. 11, 2007) (citations omitted). The plain interpretation of the statutory language has been somewhat muddied by cases decided near the time of the enactment of Tennessee Code Annotated Section 29-18-129. Prior to the 1870 enactment of the statute, an aggrieved party, in a forcible entry and detainer action, could file a petition for common law writ of certiorari at any time. However, after enactment of the statute, the time limit for filing the petition for writ of certiorari was set at 30 days after the general sessions court judgment. The case of *Rogers v. Wheaton*, was decided in 1890. In *Rogers*, the Tennessee Supreme Court reviewed the circuit court's grant of the defendant's petition for writs of certiorari and supersedeas, which was filed more than 30 days after a plaintiff's judgment was entered in the general sessions court. *Rogers v. Wheaton*, 13 S.W. 689, 689 (Tenn. 1890). The Court acknowledged that defendant's petition "showed merits, but gave no reason for failing to appeal." *Id*. Noting that the petition for writs of certiorari and supersedeas was filed beyond the statutory thirty-day time period, the Court continued: "But to entitle the petitioner to this relief upon the merits alone, the petition must be filed within 30 days, as required by the statute. If more than 30 days have elapsed before application for writs of certiorari and supersedeas, the petitioner must show a good and sufficient reason for his delay." *Id.* Subsequent decisions have cited this language, in *Rogers*, for the proposition that a petitioner may file his or her Tennessee Code Annotated Section 29-18-129 petition more than thirty days after the general sessions court's judgment if, in addition to stating a meritorious ground for relief, the petitioner also states a sufficient reason for delay in filing his or her petition. *See, e.g., CitiFinancial Mortg. Co.*, 2007 WL 77289, *5, fn. 7

(citing **Rogers**, 13 S.W. at 689) ("Certain circumstances will require the FED petitioner to show good cause for not taking an appeal. First, if the petitioner files after the expiration of the statutory thirty (30) day period, he or she must make the more demanding showing required under the general standard.). In the first instance, we disagree that the **Rogers** case extends the statutory 30 day period when a sufficient excuse for delay is averred. When viewed in context, the **Rogers** Court's statement that "[i]f more than 30 days have elapsed . . . the petitioner must show a good and sufficient reason for delay" is qualified in the next statement, where the Court reiterates that a time limit for filing such petitions for writs of certiorari was not fixed at common law, but that the legislature, in enacting Tennessee Code Annotated Section 29-18-129, repealed the common law's unlimited time period within which to file the petition for writs of certiorari and supersedeas in forcible entry and detainer actions, to-wit:

> But to entitle the petitioner to this relief upon the merits alone, the petition must be filed within 30 days, as required by the statute. If more than 30 days have elapsed before application for writs of certiorari and supersedeas, the petitioner must show a good and sufficient reason for his delay, such as would entitle him to relief under the general rules applicable to the removal of causes to the circuit court upon such writs. **Section 3362 of the Code, which permitted such causes to be taken to the circuit court by certiorari, at any time before the writ of possession is executed, was repealed by the act of 1869-70, and the time within which the cause may be removed by certiorari fixed at 30 days.**

**Rogers**, 13 S.W. at 689 (Emphasis added). Again, we do not find any allowance for late-filed (after 30 days) petitions in the plain language of Tennessee Code Annotated Section 29-18-129. Rather, the plain language dictates that the petition must be filed within 30 days of the general sessions court judgment and must contain a meritorious claim for relief. In context, we do not conclude that **Rogers** extended the plain language of the statute to include a provision for late-filed meritorious petitions to be granted if a sufficient excuse for the delay is set out therein.

Regardless, even if we allow, *arguendo*, that Appellant's late-filed petition was not strictly time-barred by operation of the statute, the trial court specifically found that the excuse given, for Appellant's delay in filing its petition, was not sufficient to overcome the time factor. Concerning Outloud!'s excuse for filing its petition for writ of certiorari more than two years after the general sessions court entered its judgments, Outloud! avers that it was precluded from filing an appeal of the general sessions judgments because it did not have knowledge sufficient to file such appeal until Ted Jensen was deposed on December 18, 2015. We need not recite the specific information that Outloud! claims it gleaned from Mr. Jensen's deposition. Suffice to say that, in ruling on Appellees' Tennessee Rule of Civil Procedure 12.02 motion, the trial court took the averment in Appellant's petition as true and gave all inference in its favor.

Nonetheless, the trial court held that, even after Mr. Jensen was deposed on December 18, 2015, Outloud! waited more than 30 days after the deposition to file its petition. As stated in its oral ruling, which the trial court incorporated, by reference, into its final order:

> But taking all factual allegations as true, which I must do, and the petition for writ of certiorari and supersedeas, it does not appear that the petitioner, Outloud!, Inc., knew any of the issues raised in paragraphs of the petition for certiorari and supersedeas, paragraphs 127 through 134, until Ted Jensen's deposition, December 18, 2015. And I must take that as true because that's what is stated in the petition.
> So if the petitioner, Outloud!, Inc. did not know about any of these issues that were raised in those paragraphs that I have already stated on the record, until December 18, 2015, that rewound the clock for filing the petition for certiorari and supersedeas for another 30 days.
> So 30 days from 12/18/2015 is Thursday, January 14, 2016. The petition for writ of certiorari and supersedeas was filed in [the] Davidson County circuit court clerk's office on April 1, 2016, more than 30 days after December 18, 2015.
> The 30th day was Thursday, January 14, 2016. Therefore, the petition for writ of certiorari and supersedeas is dismissed for failure to file within the statute of limitations after learning of the good cause on December 18, 2015.

Despite the trial court's leniency in giving Appellant the benefit of its excuse for not filing within the statutory time period, even after Mr. Jensen was deposed and Appellant had the information necessary to file its petition, it engaged in further delay, waiting almost four months until April 1, 2016 to file its petition for writ of certiorari. From our review of the record, Appellant has offered no reasonable excuse for its delay after Mr. Jensen's deposition. Accordingly, even applying a standard that is not specifically set out in the applicable statute, we cannot conclude that the trial court erred in dismissing Appellant's petition for statutory and/or common law writ of certiorari.

### V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Outloud!, Inc. and its surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE