FILED

07/21/2020

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 10, 2020

## JAMES SCARLETT v. AA PROPERTIES, GP

**Appeal from the Circuit Court for Knox County**
**No. 1-132-19      Kristi M. Davis, Judge**

_____

**No. E2019-01371-COA-R3-CV**
_____

This appeal arises from a default judgment in a detainer action. AA Properties, GP ("AA Properties") filed a detainer warrant against James Scarlett ("Scarlett") in the General Sessions Court for Knox County ("the General Sessions Court") concerning real property of Scarlett's that had been foreclosed upon. Default judgment was entered against Scarlett and a writ of possession was issued. Scarlett later filed a petition for writ of certiorari and supersedeas in the Circuit Court for Knox County ("the Circuit Court"). AA Properties filed a motion to dismiss, which the Circuit Court granted. Scarlett appeals, arguing that the warrant was deficient in that it failed to state specifically that personal service was attempted. Scarlett argues further that, under the Tennessee Rules of Civil Procedure, only five days elapsed from the posting of the warrant to the hearing, when per statute he was entitled to six days. We hold, first, that the warrant sufficiently reflected that personal service was attempted. We hold further that, in this instance, the Tennessee Rules of Civil Procedure did not apply in the General Sessions Court. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Carl W. Eshbaugh, Knoxville, Tennessee, for the appellant, James Scarlett.

Oliver D. Adams, Knoxville, Tennessee, for the appellee, AA Properties, GP.

## OPINION

## Background

In 2017, title to 1024 Connecticut Avenue in Knoxville passed to Scarlett and his sister upon the death of his mother. In February 2019, the property was foreclosed upon and transferred to AA Properties, which filed a detainer warrant against Scarlett in the General Sessions Court. The warrant reflects "Posted Dates" of March 1, 2019, March 4, 2019, and March 5, 2019, all handwritten in blank spaces above three separate lines. The "Date Served" was March 5, 2019, or, the same date as the third "Posted Date." The matter was set for trial on March 12, 2019. Above the trial date the word "POSTED" is stamped at an angle.

On March 12, 2019, default judgment was entered against Scarlett. A writ of possession was issued and served upon Scarlett, and he was removed from the property in April 2019. That month, Scarlett filed his petition for writ of certiorari and supersedeas in the Circuit Court alleging, in part, that he "was never legally served with process or proper notice of the date for hearing thereof, at the time judgment was entered against him, and the General Sessions Court, in this cause, had neither personal nor _in rem_ jurisdiction in this cause," and that "as a result of the wrongful issuance of the Writ of Possession, the Movant has not only lost possession of the real property but also his personal possessions have been lost or converted, including household furnishings and a valuable collector's automobile, having a value of as much as $125,000." AA Properties subsequently filed a motion to dismiss. In June 2019, the motion was heard.

In July 2019, the Circuit Court entered an order granting AA Properties' motion to dismiss. In its order, the Circuit Court stated:

> This case is before the Court on a Petition for Writ of Certiorari and Supersedeas. The Petition alleges that petitioner James Scarlett lived at 1024 Connecticut Avenue and that, unbeknownst to him, the property was foreclosed upon and transferred to the Respondent. The Petitioner does not take issue with the foreclosure sale but rather the subsequent detainer action filed by the Respondent in Knox County General Sessions Court. The Petitioner claims that he did not receive notice of the detainer action until he received a Writ of Possession on March 12, 2019. The Petitioner claims damages resulting from his forcible removal on April 1, 2019.
>
> The Petitioner claims that the detainer warrant from General Sessions Court is invalid on its face because it fails to meet the requirements of Tenn. Code Ann. § 2[9]-18-115. He contends that the warrant was never personally served on him and fails to show that attempts at personal service were made.

The detainer warrant is attached to the Petition, and this Court recognizes it as the standard detainer warrant form used by the Knox County General Sessions Court. The warrant has a section for service, which states: "Came to hand same day issued and executed as commanded on:" and then contains two blank lines for the process server to complete. The hand-written section reflects that James Scarlett was served when the warrant was posted on March 12, 2019. The warrant then has a section stating, "Copy of Warrant Posted on Door," followed by "Posted Dates," with three blanks to be filled in by the process server. The blanks are filled in with the dates of March 1, 4, and 5.

The Respondent has filed a motion to dismiss and quash and contends that the face of the warrant reflects that the Petitioner was properly served. At issue are the requirements contained in Tenn. Code Ann. §29-18-115(e)(2) for service of process. That section provides as follows:

> If, after attempting personal services of process on three (3) different dates and documenting such attempts on the face of the warrant, the sheriff, sheriff's deputy, constable, or private process server is unable to serve any such one (1) named defendant personally, service of process for determining the right of possession of the subject premises as to all who may have a contractual or possessory property right therein may be had by the sheriff, sheriff's deputy, constable, or private process server taking the following actions at least six (6) days prior to the date specified therein for the defendants to appear and make a defense:
> (A) Posting a copy of the warrant or summons on the door of the premises....

The Respondent contends that it is entitled to dismissal of the action because the warrant reflects that personal service was attempted on three different dates (March 1, 4, and 5) and that the statute then allowed for service by posting. The Petitioner views the statute as requiring the warrant to specifically use the words, "personal service was attempted but unsuccessful" on March 1, 4, and 5, rather than simply state that the warrant was posted on those dates. The statute requires the person attempting service to attempt such service on three different dates and to document such attempts on the face of the warrant. The Court finds that the notation on three different dates that the warrant was posted sufficiently reflects that personal service was attempted but unsuccessful-thus, the need to post the warrant on those dates. The Court does not read the statute as requiring specific

language so long as the warrant adequately reflects three unsuccessful attempts at personal service. The Court finds that the warrant in this case meets the statutory requirement.

The Petitioner also takes issue with the time between service and the hearing date. Service was accomplished via posting on March 5, and the hearing date was March 12; thus, seven days elapsed. The statute requires at least six days. Petitioner contends that pursuant to Rule 6.01, Tenn. R. Civ. P., intervening Saturdays and Sundays should not be included in the computation. He contends that only five days elapsed. This argument is without merit, as Rule 6.01 of the Tennessee Rules of Civil Procedure does not apply in General Sessions Court. *See State v. Smith*, 278 S.W.3d 325 (Tenn. Ct. Crim. App. 2008) (holding that the relevant statute for the computation of time in General Sessions Court is Tenn. Code Ann. § 1-3-102, which provides that "[t]he time within which any act provided by law to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday or a legal holiday, then it shall also be excluded.").

The Respondent's motion to dismiss is GRANTED. Court costs are taxed to the Petitioner, for which execution may issue, if necessary.

Scarlett timely appealed to this Court.

## **Discussion**

Scarlett raises one issue on appeal subdivided into two parts, which we restate slightly as follows: 1) whether the General Sessions Court lacked jurisdiction to grant relief on an expedited basis in view of the service requirements of Tenn. Code Ann. § 29-18-115(e)(2); and 2) whether the General Sessions Court erred by entering default judgment earlier than six days after service of process, requiring Scarlett to appear and defend in violation of the requirements of Tenn. Code Ann. § 29-18-115(e)(2) as computed by Tenn. R. Civ. P. 6.01.

Scarlett filed a petition for writ of certiorari and supersedeas in the Circuit Court pursuant to Tenn. Code Ann. § 29-18-129, which provides:

The proceedings in such actions may, within thirty (30) days after the rendition of judgment, be removed to the circuit court by writs of certiorari and supersedeas, which it shall be the duty of the judge to grant, upon petition, if merits are sufficiently set forth, and to require from the applicant a bond, with security sufficient to cover all costs and damages; and, if the defendant below be the applicant, then the bond and security shall be of

-4-

sufficient amount to cover, besides costs and damages, the value of the rent of the premises during the litigation.

Tenn. Code Ann. § 29-18-129 (2012).  This Court has elaborated on petitions for writ of certiorari and supersedeas in actions such as these, stating:

> The requirements for sustaining a petition for writs of certiorari and supersedeas following FED actions differ from those following other cases.  *Elliott v. Lawless*, 53 Tenn. 123 (Tenn. 1871).  The general standard requires the petitioner to show good reason for not taking an appeal, whereas the standard applicable in cases of FED judgments[1] does not.  *Elliott*, 53 Tenn. at 126.  Both standards, however, require a showing of sufficient merits.  *Id*.  Thus, when an unsuccessful FED defendant posts bond and files for writs of certiorari and supersedeas within thirty days of the judgment, he or she need only state sufficient merits in the petition to obtain review in circuit court.  *See Ammons v. Coker*, 139 S.W. 732, 733 (Tenn. 1911); *Rogers v. Wheaton*, 13 S.W. 689, 689 (Tenn. 1890); *Elliott*, 53 Tenn. at 126.
>
> Merits sufficient to sustain a petition for writs of certiorari and supersedeas are allegations which, if true, would constitute a meritorious defense.  *S. Servs., Inc. v. Brewington*, No. 86-42-II, 1986 WL 6062, at *3 (Tenn. Ct. App. May 29, 1986); *Investors Diversified Prop. Mgmt., Inc. v. Wright*, 1985 Tenn. App. LEXIS, at *11-*12 (Tenn. Ct. App. 1985); *see Elliott v. Lawless*, 53 Tenn. at 126-27.  The language of the statute does not require the petitioner to prove the allegations by a preponderance of the evidence or to the level of detail expected at trial.  *S. Servs.*, 1986 WL 6062, at *3.  Rather, the petitioner's prima facie showing of merit will suffice for the issuance of the writs.  *Id*.

*CitiFinancial Mortg. Co., Inc. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289, at *5 (Tenn. Ct. App. Jan. 11, 2007), *no appl. perm. appeal filed* (footnote in original but renumbered, emphasis in original).

We first address whether the General Sessions Court lacked jurisdiction to grant relief on an expedited basis in view of the service requirements of Tenn. Code Ann. § 29-18-115(e)(2).  In his brief, Scarlett asserts that "[t]he warrant fails on its face to meet the

---

[1] Certain circumstances will require the FED petitioner to show good cause for not taking an appeal.  First, if the petitioner files after the expiration of the statutory thirty (30) day period, he or she must make the more demanding showing required under the general standard.  *Rogers*, 13 S.W. at 689.  Similarly, if the petitioner files *only* for a writ of certiorari without also petitioning for a writ of supersedeas, he or she must meet the higher standard by justifying the failure to appeal.  *Ammons*, 139 S.W. at 733.

requirements of *Tennessee Code Annotated* § 29-18-115(a)(1)(C)(e)(2), stating neither personal service upon James Scarlett nor unsuccessful attempt at personal service." In response, AA Properties disputes that special language on the warrant regarding personal service is required. To determine which interpretation is correct, we look to Tenn. Code Ann. § 29-18-115 as it read when this action was commenced:

(a)(1) In commencing an action under this chapter, summons may be served upon any adult person found in possession of the premises, which includes any adult person occupying the premises; and service of process upon such party in possession shall be good and sufficient to enable the landlord to regain possession of such landlord's property. In the event the summons cannot be served upon any adult person found in possession of the premises, personal service of process on the defendant is dispensed with in the following cases . . .

***

(e)(1) In addition to the methods set out in this section, service of process for an action commenced under this chapter shall be good and sufficient to enable the landlord to regain possession of such landlord's property if a sheriff, sheriff's deputy, or constable personally serves a copy of the warrant or summons upon any one (1) named defendant who has a contractual or possessory property right in the subject premises.

(2) If, after attempting personal service of process on three (3) different dates and documenting such attempts on the face of the warrant, the sheriff, sheriff's deputy, or constable, is unable to serve any such one (1) named defendant personally, service of process for determining the right of possession of the subject premises as to all who may have a contractual or possessory property right therein may be had by the sheriff, sheriff's deputy, or constable taking the following actions at least six (6) days prior to the date specified therein for the defendant or defendants to appear and make a defense:

(A) Posting a copy of the warrant or summons on the door of the premises;

(B) Sending by United States postal service first class mail a copy of the warrant or summons to the so named defendant or defendants at the address of the subject premises or the defendants' last known address, if any; and

(C) Making an entry of this action on the face of the warrant or summons filed in the action.

(3) Subdivision (e)(2) shall apply only to the service of process in an action brought to regain possession of real property, and shall not apply to the service of process in any action seeking monetary judgment.

Tenn. Code Ann. § 29-18-115 (West April 12, 2018 to April 17, 2019).

Here, the warrant reflects that it was "posted" on March 1, 2019, March 4, 2019, and March 5, 2019, and then set for trial on March 12, 2019. Scarlett argues that merely posting notice on a door does not affect personal service. He also raises due process concerns, noting that constructive service and personal service are not the same. Scarlett is correct that Tenn. Code Ann. § 29-18-115(e)(2) requires three attempts at personal service on three different dates, as well as documentation of those attempts on the face of the warrant. If the warrant stated explicitly that personal service of process was attempted unsuccessfully, that undoubtedly would have been clearer. However, Tenn. Code Ann. § 29-18-115(e)(2) contains no requirement that any specific language be used in documenting the attempts. The presence of three blank lines next to "Posted Dates," with "Date Served" as a separate line, tracks the process set forth in Tenn. Code Ann. § 29-18-115(e)(2). In our judgment, the Trial Court did not err when it held that the filling in of those "Posted Dates" blanks with three separate dates is adequate documentation reflecting that the process server attempted to serve Scarlett personally but was unsuccessful. We decline to add, from the bench, additional requirements to Tenn. Code Ann. § 29-18-115(e)(2). If the statute is to be modified, the General Assembly would be the body to do it. We hold, as did the Trial Court, that the notations on the detainer warrant constituted sufficient documentation of unsuccessful attempts at personal service on Scarlett.

We next address whether the General Sessions Court erred by entering default judgment earlier than six days after service of process, requiring Scarlett to appear and defend in violation of the requirements of Tenn. Code Ann. § 29-18-115(e)(2) as computed by Tenn. R. Civ. P. 6.01. Tenn. Code Ann. § 29-18-117 (2012) provides: "The officer serving the warrant shall notify the defendant of the time and place of trial, the time not to be less than six (6) days from the date of service." Here, the detainer warrant was posted on March 5, 2019, and the hearing was set for March 12, 2019. This meant seven actual days elapsed. However, Rule 6.01 of the Tennessee Rules of Civil Procedure provides for the computation of time as follows:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included.

-7-

The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed or on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

If Tenn. R. Civ. P. 6.01 applied in the General Sessions Court as Scarlett argues, only five rather than seven days elapsed from the posting to the hearing.

In response, AA Properties contends that the Rules of Civil Procedure did not apply in the General Sessions Court. AA Properties argues that Tenn. Code Ann. § 1-3-102 (2014) applied instead, which provides: "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded." In *State v. Smith*, 278 S.W.3d 325, 330-31 (Tenn. Crim. App. 2008), the Tennessee Court of Criminal Appeals held that Tenn. Code Ann. § 1-3-102 applies in general sessions court, at least for criminal cases. If Tenn. Code Ann. § 1-3-102 applied in the General Sessions Court as AA Properties argues, then Scarlett received more than the six days he was entitled to before the hearing.

To determine whether the Tennessee Rules of Civil Procedure applied in the General Sessions Court, we begin by looking to the Rules themselves. Tenn. R. Civ. P. 1 provides:

Subject to exceptions as are stated in particular rules, the Rules of Civil Procedure shall govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts. These rules shall be construed to secure the just, speedy, and inexpensive determination of every action.
The Rules of Civil Procedure shall not apply to general sessions courts except as follows:
(1) The rules shall apply to general sessions courts exercising civil jurisdiction of the circuit or chancery courts;
(2) The rules shall apply after appeal or transfer of a general sessions civil lawsuit to circuit court; and

(3) Rule of Civil Procedure 69 governing execution on judgments shall apply to civil judgments obtained in general sessions courts.

The Advisory Commission Comment to Tenn. R. Civ. P. 1 explains further, as follows:

This rule makes it clear that these Rules establish identical procedures for circuit and chancery courts and for those other courts of record which have been established by special or private acts of the General Assembly and which have jurisdiction similar to that of the circuit or chancery court, or of both. The Rules are not applicable to general sessions courts in the exercise of jurisdiction conferred by general statutes, but if a particular general sessions court exercises, under authority of a special or private act of the General Assembly, special jurisdiction similar to that of the circuit or chancery court, then these Rules do apply to that court in the exercise of that special jurisdiction.

Addressing the general non-applicability of the Tennessee Rules of Civil Procedure in general sessions courts, this Court has discussed:

The Tennessee Rules of Civil Procedure do not apply in general sessions court except in specific circumstances. *Ray v. Ray*, No. M2013-01828-COA-R3-CV, 2014 WL 5481122, at *16 n. 15 (Tenn. Ct. App. Oct. 28, 2014) (citing *Masquerade Fundraising, Inc. v. Stott*, No. E2011-00309-COA-R3-CV, 2012 WL 444052, at * 1 (Tenn. Ct. App. Feb. 14, 2012), *no perm. app. filed*)). However, the Rules do apply to "general sessions courts exercising civil jurisdiction of the circuit or chancery courts." *Id*. (citing Tenn. R. Civ. P. 1). In this divorce case, the general sessions court was exercising civil jurisdiction of the circuit and chancery courts, thus the Tennessee Rules of Civil Procedure were applicable. *See id.*; *Whitworth v. Whitworth*, No. E2008-01521-COA-R3-CV, 2009 WL 2502002, at *5 (Tenn. Ct. App. Aug. 17, 2009).

*Gant v. Gant*, No. M2015-02160-COA-R3-CV, 2017 WL 417225, at *3 n. 4 (Tenn. Ct. App. Jan. 31, 2017), *no appl. perm. appeal filed*.

Thus, the Tennessee Rules of Civil Procedure are not presumed to apply in general sessions courts. On the contrary, they apply only in specific circumstances. Scarlett contends that this is one such circumstance because detainer actions may originate either in general sessions court or circuit court. Indeed, Tennessee law provides: "All cases of forcible entry and detainer, forcible detainer, and unlawful detainer, may be tried before

-9-

any one (1) judge of the court of general sessions of the county in which the acts are committed, who shall decide the particular case, and all questions of law and fact arising." Tenn. Code Ann. § 29-18-107 (2012).  As for circuit court's jurisdiction, the law provides:

> The action for the recovery of the possession of land, given in this chapter, may also be originally instituted in the circuit court, the same forms being substantially pursued as those prescribed, the process being issued by the clerk, the plaintiff first giving bond and security to answer costs and damages as provided in § 29-18-111.

Tenn. Code Ann. § 29-18-108 (2012).  According to Scarlett, had this case originated in the Circuit Court rather than the General Sessions Court, there would be no question but that the Tennessee Rules of Civil Procedure applied.  Scarlett states that there ought to be uniformity in the computation of time regardless of which court a detainer action originates in.

Although Scarlett requests uniformity, general sessions courts differ historically from circuit courts.  One major difference is the relative informality of general sessions courts.  In a 2012 opinion, our Supreme Court explained:

> When the Tennessee General Assembly created the general sessions courts over sixty years ago, it intended that these courts would retain the same informal procedures that characterized the practice in their predecessors, the justice of the peace courts.  *See Ware v. Meharry Med. Coll.*, 898 S.W.2d at 183.  Except for circumstances not involved in this case, the Tennessee Rules of Civil Procedure do not apply to proceedings in general sessions court but do apply "after appeal or transfer of a general sessions civil lawsuit to circuit court."  Tenn. R. Civ. P. 1(2).

*Brown v. Roland*, 357 S.W.3d 614, 618 (Tenn. 2012) (footnote omitted).  Nevertheless, Scarlett suggests that an exception applies—namely, that the General Sessions Court was exercising the civil jurisdiction of circuit or chancery court.

However, that the General Sessions Court adjudicated a civil matter does not mean that it exercised the civil jurisdiction of circuit or chancery court.  In this detainer action, the General Sessions Court exercised jurisdiction conferred upon it by general statute rather than by special or private act.  General sessions courts exercise their own distinct statutory role in detainer actions; they are not just an additional circuit court.  This is true even though a detainer action may originate either in general sessions or circuit court, as the different avenues of appeal illustrate.  This Court has observed: "[T]he Tennessee General Assembly has conferred subject matter jurisdiction to general sessions courts to adjudicate detainer

-10-

actions. Additionally, the General Assembly has conferred circuit courts with subject matter jurisdiction to adjudicate appeals of decisions from general sessions courts in detainer actions." *Bottorff v. Sears*, No. M2018-01232-COA-R3-CV, 2019 WL 2234680, at *2 (Tenn. Ct. App. May 23, 2019), *Rule 11 perm. app. denied Sept. 19, 2019*. In a detainer action originating in general sessions court, the first avenue of appeal is to circuit court for trial de novo, where the Tennessee Rules of Civil Procedure apply. If a detainer action originates in circuit court, the first avenue of appeal is to this Court, and no new trial is conducted. Under Scarlett's interpretation, a litigant opting to pursue a detainer action in general sessions court potentially would receive two trials subject to the Tennessee Rules of Civil Procedure before appealing to this Court. The point, it seems, of the option to pursue a detainer action originally in general sessions court is to partake of its relative informality, including the general inapplicability of the Tennessee Rules of Civil Procedure. A litigant can opt initially for the formality of circuit court and appeal directly to this Court, or the informality of general sessions court with the possibility of trial de novo in circuit court before appealing to this Court. Otherwise, general sessions court is rendered a redundant circuit court for purposes of detainer actions, which we do not believe our General Assembly intended.

We find no exception in this case to the general rule that the Tennessee Rules of Civil Procedure are inapplicable in general sessions courts. We affirm the Trial Court in its determination that, in this instance, the Tennessee Rules of Civil Procedure—including Rule 6.01—did not apply in the General Sessions Court, and Scarlett's hearing date was timely set pursuant to Tenn. Code Ann. § 1-3-102.

As a final matter, AA Properties argues that the foreclosure extinguished any right Scarlett had to the property at issue, possessory or otherwise. AA Properties contends that, as Scarlett is not challenging the underlying foreclosure, he lacks a meritorious defense necessary under Tenn. Code Ann. § 29-18-129 to sustain his petition for writ of certiorari and supersedeas. Indeed, Scarlett does not challenge the foreclosure; he withdrew such a challenge during the hearing below on AA Properties' motion to dismiss. Scarlett challenges only when and how he was removed from the property. We do not regard this as a meritorious defense to the detainer warrant because Scarlett never claims to have a right of possession. Scarlett's lack of a meritorious defense constitutes an additional basis for affirmance of the Trial Court's grant of AA Properties' motion to dismiss. For this and the other reasons discussed, we affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, James Scarlett, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE